## J. H. TATUM *v.* PRESTON & STETSON.

JURY.   *Challenges.   Practice.*

When a full jury is presented, each party should challenge as many members of it objected to as allowed by law to challenge, and thereafter it is a matter within the sound discretion of the presiding judge to restrict the challenges to persons freshly summoned.

ERROR to the Circuit Court of Clay County.

Hon. JAMES M. ARNOLD, Judge.

The rule of the Circuit Court, under which the objection to the peremptory challenge of the juror was sustained, is as follows : —

" When a full panel is presented to either plaintiff or defendant, the party to whom such panel is presented must make all his peremptory challenges to the panel as it is presented, and is not allowed, after other jurymen are called to fill the places of those challenged, to make peremptory challenges to the members of the original panel, but must confine his objections to the jurymen called to supply the places of those challenged."

*Gerdine* and *Flaniken & Beckett,* for the plaintiff in error, contended that a fair and impartial jury of twelve men was a constitutional right, which no mere rule of court could take away or abridge, as was done in the case at bar; citing Code 1871, §§ 544, 634 ; *Byrd's Case,* 1 How. (Miss.) 163 ; *Carpenter's Case,* 4 How. 163 ; *Filman* v. *Ailes,* 5 S. & M. 373 ; *Bone* v. *McGinley,* 7 How. (Miss.) 671 ; *Dowling's Case,* 5 S. & M. 664.

*White & Bradshaw,* for the defendants in error, contended that the rule is convenient and proper, and such as the Circuit Court had a right to make, citing Code 1871, § 634 ; and is the established practice in the circuit from which the case comes up.

CHALMERS, J., delivered the opinion of the court.

A full jury was tendered to the parties, and the plaintiffs announced themselves satisfied with it. The defendant peremptorily challenged one member of it; another person was

called in his stead, and accepted by both sides.   The defendant then wished to challenge another member of the original panel, but was forbidden by the court (upon the objection of the plaintiff), on the ground that, when the full panel was presented to him, he should have challenged as many members of it as he desired, or as he was allowed by law.   We see no objection to this ruling.   It is understood to be in accordance with the established practice in several circuits in the State, and is, we think, a convenient one, which does no injustice to anybody.   A full jury being presented, it is only right that each party should be required to challenge as many members of it as he objects to, and should, thereafter, be restricted in his challenges to the persons freshly summoned.   We do not mean to say that it is necessary that this should be done, but only that it is a matter within the sound discretion of the presiding judge.   Where the rule is well established and known to counsel there can be no objection to it.          *Affirmed.*