## WILLIS THOMPSON *v*. THE STATE.

CRIMINAL PROCEDURE. *Peremptory challenges. Full panel required.*

In the trial of any criminal case not capital, the accused is entitled to have presented to him a full panel before being called upon to make the peremptory challenges of jurors allowed him by statute. And if the Circuit Court require him to make such challenges with an incomplete panel, it is error for which this court will reverse a judgment against the defendant and grant a *venire de novo*.

ERROR to the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

Willis Thompson was indicted for grand larceny, and was convicted. He sued out a writ of error. Several grounds of

error were assigned, but only one was considered by this court, and that is stated in the opinion.

*Buchanan & Miller* and *J. L. McCaskill*, for the plaintiff in error.

We think that the plaintiff in error was entitled to a full panel from which to make his challenges of jurors, inasmuch as he had no special *venire*, and no means of knowing who would be called to take the place of an excused juror. Fish. Cr. Dig. 524. He was compelled to exhaust his challenges on the ten jurors, not knowing but what the two to be called to complete the jury would be more objectionable than those challenged.

*T. C. Catchings*, Attorney-General, for the State, filed a brief contending that there was no error in the record, and insisting upon an affirmance of the judgment.

CAMPBELL, J., delivered the opinion of the court.

When a jury for the trial of this case was tendered to the State, the district attorney peremptorily challenged two of the twelve jurors, and, without calling others to take their places, the remaining ten were presented to the prisoner, who demanded a full panel before he would pass upon them. The court refused this demand, and, without filling the panel, required the prisoner to say whether he would accept the ten or not. He then peremptorily challenged four of the ten, and the panel was completed afterwards. The prisoner excepted to this action of the court, and assigns it for error.

We think the right of the prisoner was disregarded in the matter mentioned. The statute (Code 1871, sect. 2761) allowed the prisoner four peremptory challenges. The object was to enable him to set aside four from a panel of twelve men without assigning any cause. To give him the full benefit of the statutory right, he should have been presented with a full panel, "in order the better to enable him to take his challenges." The propriety of this is manifest. The exercise of the right to challenge might be materially influenced

by a view of a full panel. When a complete panel is presented to the prisoner, he may exercise his right to challenge unembarrassed by uncertainty as to who may be called to fill a vacancy other than that created by his challenge. His right is to be tried by a jury from which four have been set aside by him without cause assigned, if he so elects. He has a right to view twelve men presented to him as a jury before he can be called on to say which he will reject, or whether he will reject any.

Hawkins lays it down that, " before any juryman is brought to the box, the prisoner, by leave of the court, may have the whole panel once called over in his hearing, that he may take notice who do and who do not appear, in order the better to enable him to take his challenges." 2 Hawk. P. C., chap. 43, sect. 4. Our statute entitles the accused in capital cases to a list of the special *venire* summoned on his trial, in order the better to enable him to take his challenges. In misdemeanors the accused has the right to select eight from twelve jurors offered, by rejecting four of them at his pleasure.

When the district attorney challenged two of the jury, their places should have been supplied by two others; and when they were accepted, the jury complete should have been presented to the prisoner; and when he had passed upon it, and a jury was completed, the district attorney should have been allowed to challenge for cause (he having exhausted his peremptory challenges) any of the jurors not on the jury when he declared himself content with it.

The case of *Tatum* v. *Preston*, 53 Miss. 654, is not inconsistent with the foregoing view. In it the question was whether the defendant, after challenging peremptorily one of twelve jurors who had been accepted by the plaintiff and presented to him, could, after the place of the challenged juror was filled by one called to it, challenge one of the eleven not challenged by him in the first instance; and we held it to be correct practice to require each party, when a full panel is presented to him, to challenge all whom he desires to chal-

lenge, and not to permit experimenting by challenging one and waiting to see who is called to his place, and then to challenge others who were in the box at first.

In capital cases, the list of the special *venire* summoned being in the hands of the prisoner obviates all objection to the uniform practice which prevails in this State of calling one juror at a time.

Judgment reversed and *venire de novo* awarded.