JOHN SMITH AND MOSES CAVIN *v.* THE STATE.

1. CRIMINAL LAW. *Indictment. Evidence before grand jury.*
   The court cannot inquire into the character of the evidence before the grand jury upon which an indictment is found.

2. SPECIAL VENIRE. *Fraudulent names in jury box. Case in judgment.*
   A special *venire* was being drawn when it appeared that certain names had been put into the box fraudulently. The court ordered the box to be purged of the fraudulent names and the drawing to proceed. *Held,* that this was not error.

3. JURORS. *Compelling accused to challenge each as presented.*
   It is not error in a *capital* case to compel the accused to challenge the jurors as they are presented.

4. SAME. *Competency. Discretion of court.*
   One juror stated that he was "a cousin" of a party indicted for the same offense as the prisoner on trial. Another stated that he "had a sympathy for the boys" on trial. The court set both aside. *Held,* that it was in the discretion of the court to do so.

Conclusion of the syllabus.        Commencement of the statement.

5. SAME.  *Power of the court.  Impartial jury.*

The court always has power to impanel an impartial jury, and when it is clearly· seen that such only is the effect of its ruling it will be sustained.

6. WITNESSES.  *Put under the rule.  Right to examine one who remains ·in court-room.*

Allowing a witness to be examined who remained in the room while all the others are under the rule is a matter wholly within the discretion of the court and is not assignable as error.

7. TRIAL.  *Prolonging the term.  Conflicting with a special term.   Case in judgment.*

The term of court expired while a case was on trial. The term, being prolonged under the statute, happened to fall on a day fixed for a special term of court. The trial was proceeded with and concluded, notwithstanding the conflicting terms.  *Held,* that this was not ground for error, the accused being in no way injured thereby.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

The questions considered in this case arise upon the rulings of the court below on the following points :

The appellants were indicted for murder and pleaded in abatement to the indictment that it was illegal, " because it was not found upon the sworn testimony of any witness or witnesses." The court sustained a demurrer to this plea, and the appellants excepted.

The appellants demanded a special *venire,* and the court ordered a *venire* of fifty to be drawn from the jury box.   After two names had been drawn, the clerk announced to the court that there were slips or names in the box which had not been legally placed in it, and exhibited to· the court five slips or names, which he stated to the court had been illegally placed in ·the box.   The court thereupon ordered the drawing to be suspended and took the testimony of the sheriff and the clerk in reference to the illegal names, and being satisfied that the names were illegally in the box, ordered the box to be purged of the illegal names, and this being done, ordered the drawing to continue.   To this appellants excepted.

The court proceeded to impanel the jury, and required the

appellants to pass upon the qualification of each juror as he was presented.    To this the appellants excepted.

A. B. Leak, one of the jurors presented, stated that he had not formed or expressed an opinion as to the guilt or innocence of the accused, and was not related to either of them, and could render a true verdict according to law, but that " he was friendly to the boys and sympathized with them."    A. B. Truax, another of the jurymen present, stated in answer to a question by the court that he was a cousin of one J. W. Floyd, who was jointly indicted with the defendants.

The court declared both these jurymen incompetent.    To this the appellants excepted.

Upon motion of the district attorney, the court put all the witnesses in the case under the rule.    One S. W. Flournoy, who was jointly indicted with the appellants, was in court in the custody of the sheriff, when one Day, a witness for the State, was put on the stand.    Appellants' counsel inquired if it was the purpose of the State to examine Flournoy as a witness for the State.    Being informed that such was the purpose, he objected to the examination of Day in the presence of Flournoy.    The objection was overruled and Flournoy was exempted from the rule.  To this appellants excepted.

. The court closed on Saturday evening, while the case was still being tried, and proceeding under § 2292 of the Code of 1880, the court prolonged the term in order that the trial could be terminated.    It happened that the following Monday, to which day the court adjourned, was the day fixed by act of legislature for holding a special term of court, and, on that day the court convened a special term and then proceeded with the trial of this case.    The appellants assign this, with the other objections above stated, as error.

*D. C. Bramlett,* for the appellants, argued orally and in writing.

1. The accused had the right to have a full panel presented to them.    This right was denied them in the court below.    I cannot see any good reason why the rule should be different because a special *venire* summoned for that purpose composed the jury. *Thompson* v. *The State,* 58 Miss. 62.

2. A court is as of one day, though it may comprise several days, and it necessarily follows that each court is a full and complete day of itself, and that one court cannot be continued into and become a part of another. In *Jaques* v. *The B. H. C. R. Co.*, 43 Conn. 32, the trial was commenced at one term of the court and continued into and concluded at another term, and judgment rendered which was held to be unauthorized. The court there say : " We are satisfied that our regular civil term of the court cannot be continued after the time prescribed for the commencement of another regular civil term in the same county." Also see *Cincinnati R. R.* v. *Rowe*, 17 Ind. 568. Nor can I conceive that it alters the rule because one of the courts here was a special one, for it is a distinct term of the court provided by law to be held. It was contended by counsel for the State, in the court below, that § 2292 of the Code of 1880, providing for proceeding with the trial of a case after the time for the expiration of the term as prescribed by law shall arrive, authorized the continuing with and concluding of the case at another term. The law certainly never contemplated such a proceeding as that, for most clearly it means that in such a case the court then sitting may continue its session until the case on trial is concluded, " as if the stated term had not expired." It must be the same court, for each court must also hear as well as determine every case disposed of. I therefore insist that the verdict and judgment against the appellants is a nullity and the motion in arrest of judgment should be sustained.

*T. V. Nolan*, on the same side.

1. The court erred in sustaining the demurrer to the plea in abatement. A jury ought to be thoroughly persuaded of the truth of an indictment so far as their evidence goes, and not to rest satisfied merely with remote probabilities—a doctrine that might be applied to very oppressive purposes. 4 Wendell's Blackstone Com., p. (top) 302 ; 1 Chitty's Crim. Law 318, 319. After the grand jury have heard the *evidence*, they are to decide whether the bill shall be found or rejected. 2 Hale 161. Unless the witnesses are regularly sworn the bill founded on their unsupported evidence will be quashed. *United States* v. *Coolidge*, 2 Gallison

364. In a North Carolina case it was held that when a bill was found on the information of a member of the grand jury, it was necessary that the prosecuting juror should be regularly sworn, 1 Hawks' Rep. 352. Where a bill is found on the sole evidence of a person rendered incompetent by connection of an infamous crime it will be quashed before plea. Wharton's Amer. Crim. L., 4th and Rev. Ed., § 493; *King* v. *The State*, 5 How. Miss. 730; *Durr* v. *The State*, 53 Miss. 425; *Rocco* v. *The State*, 37 Miss. 357.

2. The court erred in permitting the names of jurors to be drawn from the box after it was discovered that there were illegal and fraudulent names therein.

3. The court erred in rejecting the jurors Leake and Tracy after they had been chosen and accepted by the State and defendants. There was nothing to show bias of feeling or prejudice in the case. Code 1880, § 3072.

4. The court erred in compelling defendants to exercise the right of peremptory challenge to the jurors separately and individually before a full panel was presented to them, and in refusing the right of peremptory challenge after full panel had been accepted by the State. In capital cases, the defendant shall be allowed twelve peremptory challenges, and the State in the same case shall be allowed six. Code 1880, § 3076. The defendants had the right to view twelve men presented to them before they could be called on to say which they will reject or whether they will reject any. *Thompson* v. *The State*, 58 Miss. 62.

*J. L. Harris*, for the State, argued orally and in writing.

1. From the earliest times grand juries have presented bills of indictment upon their own knowledge. They were originally an accusing body of the hundred and examined no witnesses. Thompson & Meriam on Juries, §§ 467 and 614 *et seq.;* 2 Sawyer 673. The plea in abatement was therefore demurrable.

2. The motion to quash the special *venire* for fraud was properly overruled. After a searching investigation it was shown that only five names were introduced into the jury box, and three of these were the same. Had there been others, and had they been drawn, it could have have been readily ascertained by comparison with the list furnished the clerk.

3. The objection that the defendants were compelled to pass upon the jurymen as presented by the State before a full panel was tendered is not good.   *Thompson* v. *The State,* 58 Miss. 62; Thompson & Meriam on Juries, § 116.

4. The action of the court in standing aside the juror Truax, who was a cousin of one Floyd jointly indicted with the appellants was correct.   Thompson & Meriam on Juries, § 178, (4), (5).   The court may in its discretion, for good cause shown, remove a juror permanently or cause him to stand aside after he has been accepted. *State* v. *Potter,* 18 Conn. 166; *Harbach* v. *State,* 43 Tex. 242, 512; *McMillan* v. *State,* 7 Tex. App. 142; *Sparks* v. *State,* 59 Ala. 82; *Smith* v. *State,* 55 Miss. 513.

5. The fact that the court in its discretion suffered one Flournoy, a witness for the State, to remain in the room while the other witnesses had been placed under the rule is no ground for reversal, nor is it error that he was afterward suffered to testify.   1 Bishop Crim. Pro., § 516 *et seq.*

6. There is no merit in the objection that the trial was proceeded with on a day set for a special term.   The accused certainly suffered no injury.

CHALMERS, J., delivered the opinion of the court.

1. The court rightfully sustained a demurrer to the plea in abatement to the indictments which set up that the same had been found by the grand jury without the examination of any sworn testimony.   The authorities on this subject are conflicting, but we prefer those which deny that such an inquiry is admissible.

Our statutes remit such questions wholly to the grand jury, who swear their own witnesses in secret.   It would hence be impossible to controvert such a plea, nor is there any evidence that such inquiry was ever entertained in the history of our jurisprudence, though it has been several times adverted to.   *King* v. *State,* 5 How. 730; *Rocco* v. *State,* 37 Miss. 357; *Durr* v. *State,* 53 Miss. 425.

Evidently it was never supposed here that on this ground an indictment could be quashed or abated, and such is the law elsewhere.   2 Hill (S. C.) 288; 52 Iowa 103; 24 Ind. 151; 3 Zabriskie 49; 16 Conn. 458.

In 2 Blatchford 439 it was held that such inquiry could only be entered into where witnesses before the grand jury were required to be sworn in open court. No such law here prevails. On the contrary, with us the grand jury always swear their own witnesses.

2. The court below looked into the question whether the jury box was destroyed as such because it contained a few fraudulent names and had the same purged of these names, and after that the *venire* was drawn therefrom. There was no error in this.

3. In *Thompson's Cases,* 58 Miss. 62, it was settled, and we think rightly, that it was not error in capital cases to compel the accused to challenge the jurors as presented, since in such cases he must always know who will be presented, and therefore he has no right to insist upon the whole twelve being presented at one time.

4. It was in the discretion of the court to set aside the juror Truax when it was discovered that he was a cousin of a party indicted for the same offense as the prisoner, and also the juror who acknowledged that "he had a sympathy for the boys" on trial. The court always has power to impanel an impartial jury, and when it is clearly seen that such only was the effect of the ruling it will be sustained. *Smith* v. *State,* 55 Miss. 513 ; *McGuire* v. *State,* 37 Miss. 369.

5. The allowing of a witness to be examined who is within the room while all others are under the rule is a matter wholly within the discretion of the court, and, as we have several times decided, is not assignable for error.

6. The court closed while this case was under consideration, and thereupon the term was regularly prolonged by the necessary order by virtue of § 2292 of Code of 1880. It was entirely proper, therefore, to continue the trial on the next Monday, as was done, nor did the fact that such day was the time fixed for a special term in that county, under the act of the legislature, in any manner affect the result. It is impossible to see how the accused were injured by such trial.

*Affirmed.*