## JOHN GIBSON *v.* THE STATE.

CRIMINAL PROCEDURE. *Impaneling jury. Challenges. Full panel.*

Under ¿ 1423, code 1892, providing that "all peremptory challenges by the state shall be made before the jury is presented to the prisoner, and, in all cases, the accused shall have presented to him a full panel before being called upon to make his peremptory challenges," the accused, in any criminal case, is entitled, after the tender of a full panel and his challenging any of the jurors thereon, to have the panel again completed by the state before he is required to pass on the jurors added; and, if he again excuses any of the added jurors, the state must again fill the panel before tendering new jurors; and so on, in this manner, until a jury is secured. If the accused is required, over his objection, to challenge individual jurors as presented, it is error for which a judgment of conviction will be reversed.

FROM the circuit court of Warren county.
HON. R. W. WILLIAMSON, Judge.

No counsel for appellant.

*Frank Johnston,* attorney-general, for the state.

Literally, a full panel was presented to the prisoner at the outset. The question is whether, under § 1423, code 1892, it was proper to permit a separate presentation of jurors to fill the panel. I submit the question to the court.

Argued orally by *Frank Johnston,* attorney-general.

COOPER, J., delivered the opinion of the court.

The appellant has been convicted of the crime of murder, and sentenced to capital punishment.

He is not represented in this court by counsel, but, in cases of this character, it is our custom to scrutinize the record and affirm or reverse according as it shall appear that the

conviction was properly or improperly had, and without reference to whether error has or has not been assigned under our rules.

It appears from the record that in impaneling the jury by which appellant was tried, a panel was completed and accepted by the state, and then tendered to the defendant, who peremptorily challenged seven jurors, leaving five in the box. The appellant then asked that the state should be required to again fill the panel before he should be put to further challenges, which request was refused, to which action he excepted. In completing the panel, the court directed that each juror should be first examined and accepted by the state and then tendered to the defendant, who should challenge or accept the juror. The defendant excepted to this ruling, and exhausted his peremptory challenges before the panel was completed.

The question presented by this ruling of the trial court is, whether, by § 1423 of the code of 1892, the defendant is entitled to a full panel whenever called on to exercise any one of his peremptory challenges. Before the enactment of this section, it is settled by several decisions that the course pursued would have been legal. *Thompson* v. *The State*, 58 Miss., 62; *Smith and Cavin* v. *The State*, 61 Miss., 754.

Section 1423, code 1892, is as follows: "In capital cases, the defendant and the state each shall be allowed twelve peremptory challenges. In cases not capital, the accused and the state each shall be allowed four peremptory challenges. But all peremptory challenges by the state shall be made before the juror is presented to the prisoner; and in all cases the accused shall have presented to him a full panel before being called upon to make his peremptory challenges."

The learned judge below obviously thought the injunction of the statute, that the accused should have presented to him a full panel before being called upon to make his peremptory challenges, had been fully complied with when one complete panel had been tendered, misled, probably, by the preceding

clause requiring the state to exercise its peremptory challenges "before the *juror* is presented to the prisoner."

The section—copied from former codes, except as to its concluding clause—is not happily worded. In the first clause the defendant in capital cases is called the "defendant;" in the second, the defendant, in cases not capital, is called the "accused;" in the first sentence of the third clause the defendant is called the "prisoner," and, in the second, the "accused." If we should follow the general rules of construction, that the same meaning is intended for the same expression in every part of the act, and that a change of expression is intended to change the meaning, we should construe the word "defendant" in this statute to mean one charged with a capital crime, and the word "accused," one charged with a crime not capital. But, from this construction, it would follow that one charged with a crime not capital would be entitled to a full panel before being called on to exercise his peremptory challenges, while one charged with a capital crime would not be so entitled. But these rules of construction are not of great weight in reference to statutes containing a multiplicity of words (Endlich on Interpretation of Statutes, § 387), and should not be observed, if, by so doing, the obvious purpose of the act would be defeated. In other sections of the chapter of which this is a part, the word "defendant" is indifferently applied to all classes of offenders, and we cannot perceive a clearly expressed purpose to give the right secured by this section to persons charged with minor offenses and deny it to those indicted for capital crimes.

We are also unable to perceive why a defendant should be secured a full panel on which to exercise a part of his peremptory challenges, and yet be required to exercise the remainder upon individual jurors as presented. It is true the statute, in providing that the peremptory challenges of the state "shall be made before the *juror* is presented to the prisoner," seems to imply that the defendant may be called upon

to accept or challenge the juror tendered by the state; but this expression, copied from former codes, by which the defendant was not entitled to a full panel, is followed, in the code of 1892, by the declaration that he shall have a full panel before being called upon to peremptorily challenge. It is true the letter of the statute was complied with in this case, for the defendant was tendered a full panel before he was put to his peremptory challenges. But the jurors called to take the places of those of the panel challenged by the defendant were not members of the panel, and upon such only do we think was he required to exercise his peremptory challenges.

Under the statute, a full panel should be passed on and accepted by the state and presented to the defendant. He should then be required to peremptorily challenge all those of the panel so presented he desires. The state should then fill the panel, and again present it to the defendant, who should then be allowed and required to continue his challenges from those added by the state until he has excluded those to whom he objects, within the limit of his challenges, when the state should again fill the panel and present it to the defendant, and thus proceed until the jury is secured.

*For the error in requiring the defendant to peremptorily challenge the individual jurors as presented, the judgment is reversed, a new trial awarded, and cause remanded.*