H. D. FUNDERBURK *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Malicious mischief. Indictment. Maliciously. Wil-
fully. Code, 1892, § 1209.*

An indictment for malicious mischief, under code 1892, § 1209, is not
defective because it fails to aver that the acts charged were wil-
fully done, if it does aver that they were maliciously done.

2. SAME. *Value of property. Damage.*

An indictment for malicious mischief to property is not bad for fail-
ing to charge the value of the property or the quantum of damages
done.

3. SAME. *Owner. Malice.*

If a party pursue another, who, fleeing, seeks protection in the house
of a third, and the pursuer shoot into the house and disfigure it,
he cannot escape a prosecution for malicious mischief on the
ground that he had no malice toward the owner of the house or
distinct purpose to injure it.

4. SAME. *Jurors. Challenges. Code 1892, § 1423.*

Under code 1892, § 1423, a defendant is entitled to have presented to
him a full panel of jurors, all of whom have been accepted by the
state. He may challenge any juror so presented, and when the
vacancies caused by his challenges are filled and the added jurors
accepted by the state, he may challenge the added jurors, but not
any of the original panel.

5. SAME. *Conspiracy.*

A defendant, jointly and severally indicted with others for malicious
mischief, is not entitled to be discharged upon the acquittal of his
co-defendants because the state has proceeded on the theory of a
conspiracy between them.

FROM the circuit court of Lowndes county.

HON. NEWNAN CAYCE, Judge.

The facts are stated in the opinion of the court.

*S. M. & W. C. Meek*, for appellant.

The demurrer to the indictment should have been sustained. Bishop on Criminal Procedure, vol. 2 (2d ed.), sec. 840. "But if the amount of the punishment depends upon the value, it must, in these cases, as in all others, be alleged." *State* v. *Shadley*, 16 Ind., 230; Code 1892, § 1209; *Ib.*, § 1453; *Wile* v. *State*, 60 Miss., 260. The omission of the word wilfully is fatal. The court below erred in not presenting to defendant a full panel of twelve men each and every time until a jury was completed. Code of 1892, § 1423; *Gibson* v. *State*, 70 Miss., 554.

*Wiley N. Nash, attorney-general*, for appellee.
The reporter does not find a brief for appellee on file.

CALHOON, Special J., delivered the opinion of the court.

Several beings, human, at least in form, went, at night, to Sandy Swearingen's house, shot into it, and lit a match and set fire to his cotton on the gallery. At the first alarm, his wife and children ran under the bed, and, on the firing of the guns and pistols, and the blaze from the cotton, they ran through a side door to the woods, while Sandy himself, badly wounded, fled to the house of a neighbor, Mr. Tom Blewitt, and got inside of it, hotly pursued by the creatures who had so shockingly outraged his person and his home. Some one of these creatures who pursued him put a shotgun close to Blewitt's door, and shot a hole through it.

Appellant and four others were jointly and severally indicted, and, curiously enough, indicted for malicious mischief in injuring and disfiguring Mr. Blewitt's house.

The indictment reads that defendants "with force and arms . . . did unlawfully and maliciously injure and disfigure the real property of Tom Blewitt, to wit: his residence, by then and there firing a gun into said property, to wit: his residence, contrary," etc. Objection was made to this indictment

because it does not aver that the act was done wilfully, and does not allege the value of the property injured or disfigured.

All the defendants were acquitted, except appellant, and the point is made that, because the case was tried as upon a conspiracy, the acquittal of his co-defendants necessarily should have caused his acquittal.

The other questions raised will sufficiently appear in the disposition made of them in this opinion. The indictment is sufficient under our statute (Code, § 1209), which uses the word maliciously, and this word includes in it the idea of wilfulness, and means even more. 1 Bish. Crim. Proc., sec. 612. Even where a statute used the word wilful only, a very sensible court held it enough to charge that the act was malicious, as that meant wilful and more. *State* v. *Robbins*, 66 Maine, 324. One may do a wilful act without malice, but not a malicious act not wilful.

The indictment is not void for failing to specify the value of the property, or the money amount of damage. The statute has a twofold aspect, and includes not only the destruction or injury of property, but also its disfiguration. A charcoal sketch on a door, or a bullet hole, may inflict no pecuniary loss which is appreciable, and may yet involve a gross violation of the statute against malicious mischief. Code, § 1209.

A graver difficulty presented itself to us in reading the indictment in the light of the facts on the trial, which seemed to point to no malice against Blewitt or any distinct purpose to disfigure his house, but seemed to indicate malice only towards Sandy Swearingen, who had fled into it as a place of refuge for safety. But we conclude that three distinct offenses were involved in the one act—that is, an assault with intent to kill, a disturbance of family, and malicious mischief.

It cannot be that one who burns or tears down a house can shield himself from a charge of malicious mischief on the defense that his purpose was to murder the owner. Cases in other states, in apparent conflict with this conclusion, will be

found to be on the subject of injury to animals out of a spirit of revenge or wanton cruelty. Be this as it may, the conclusion we reach is now pronounced to be the law of Mississippi under her statutes.

The verdict cannot be disturbed on the facts. It is quite plain that defendant either fired the gun or was of a party one of whom did, and all of whom were engaged in the same felonious enterprise. Indeed, the circumstantial evidence is abundant that appellant was the very individual who fired the gun.

A point is made by counsel in these words : " The court erred in not presenting to defendant a full panel of twelve men, each and every time, until a jury was completed." Now, the record shows nothing of any challenge made by appellant of any juror whatever.

On page 10 of the record, it appears that the stenographer says this: "In passing upon the jury, a full panel had been presented to the defendant before he exercised any challenge, but he asked that another full panel be presented before making another challenge, which was overruled, and to which defendant excepted." It does not show that he in fact ever exercised his right to challenge at all. But, if we are to assume that he did, still, from what the shorthand man says, he is wide of the law. By § 1423 of the code, he was entitled to have presented to him a full panel of jurors, all of whom had been accepted and tendered to him by the state. It then devolved on him to challenge as many of that panel as he designed to challenge, and then the vacancies caused by his challenges must have been filled by others accepted and tendered him by the state, when he might challenge the added juror, but not any of those of the original panel, and so on. *Gibson* v. *State*, 70 Miss., 554. The position that, the state's theory being one of conspiracy, defendant should go free because his co-defendants were acquitted, is untenable. They were severally, as well as jointly, indicted, and either or all or some might have been convicted

---

---

of doing the act, alone or together, or with entirely different persons.

There is no reversible error in the action of the court in admitting testimony, nor in its action on instructions. The first charge given at the instance of the state is free from objection. The defendant did not testify in the case; his wife did, as did the kin of other defendants, and the instruction merely told the jury that they might consider the interest of the witnesses, and give their testimony such weight as they thought it entitled to. The modification of defendant's second and third instructions is free from objection. While the court might, and perhaps should, have given them as asked, the modifications do not weaken them in the least, and could not possibly have affected the verdict.

If the record showed that the district attorney used the language in addressing the jury which the motion for a new trial says he used, the judge delivering this opinion would be constrained to decide to reverse, and remand this cause. But no evidence was produced to support the statements of the motion, and the language nowhere else appears in the record, and so this case is

*Affirmed.*