### BALDWIN *v.* STATE.

[88 South. 162, No. 21711.]

INDICTMENT AND INFORMATION. *Evidence before grand jury cannot be inquired into.*
> The evidence on which the grand jury acted in finding an indictment cannot be inquired into on the trial of the defendant on the indictment.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Charley Baldwin was convicted of receiving stolen property, and he appeals.  Affirmed.

*Boggan, Leake & Boggan,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

No brief found in the record for counsel of either side.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for receiving stolen property on an indictment in which the property alleged to have been received is described as "certain dry goods and articles of wearing apparel.  The exact description, further than this is to the grand jurors unknown."  Each

article of wearing apparel alleged to have been received by the appellant is specifically set forth in the testimony of the state's witnesses, two of them on cross-examination testified that an itemized statement thereof was given by them to the grand jury before the finding of the indictment. A motion by the appellant to exclude the evidence and also a request by him for a directed verdict on the ground of a variation between the indictment and the proof, in that the allegation therein that "the exact description further than this is to the grand jurors unknown" appears from the evidence to be false, were both overruled. Authorities are cited by counsel for the appellant to the effect that such a variance is fatal, but they are of no value here; for the rule in this state is that no inquiry can be made into the evidence on which the grand jury acted in finding an indictment. *Smith* v. *State,* 61 Miss. 754; *Hammond* v. *State,* 74 Miss. 214, 21 So. 149.

The other assignments of error are without substantial merit.

*Affirmed.*