BLOWE *v.* STATE.

[93 South 377, No. 22799.]

1. INDICTMENT AND INFORMATION. *Indictment not quashed on ground that evidence before grand jury secured by illegal search.*

In order to determine whether an indictment was legally found by the grand jury, no inquiry whatever will be gone into as to whether the evidence before the grand jury upon which it was based was either competent or legally sufficient; under this principle an indictment will not be quashed on the ground that it was found by the grand jury, in whole or in part, on evidence secured by the illegal search of defendant's home.

2. CRIMINAL LAW. *Incompetent evidence of state, where fact admitted in testimony of accused, not error.*

If a defendant, as a witness in his own behalf, admits in his testimony the only fact which the state has proven as the result of a search of his home without a search warrant, such proof by the state is without harm to the defendant, and is therefore not reversible error.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Joseph Blowe was convicted of grand larceny, and he appeals. Affirmed.

*Engle & Laub,* for appellant.

Before the case came on for trial before a jury there had been filed a motion to quash the indictment and among the grounds set up was the proposition that the evidence and information from which the verdict was based was illegally obtained because no proper search warrant was issued or served by a proper officer and the defendant was denied his right under sections 23 and 26 of the Constitution of the state of Mississippi.

On this motion the defendant asked that same be set down and tried on its merits, but the court overruled the motion and did not permit the trial and this is all set out and shown at pages 5-9 of the record, and R. 109. As has heretofore been mentioned in this case in a statement of the facts there was no search warrant issued in this case. Mr. H. F. Byrnes made an affidavit in which he prayed for a search warrant and no search warrant was ever issued. This purported affidavit for a search warrant was taken by the officer, M. P. Ryan, who was in charge of this case and this affidavit was served upon the wife of the defendant. The paper which he served was identified by him where he was asked to identify same as page 47 of the record and is set out in full at page 48 of the record.

Under these facts we respectfully submit that this defendant has been deprived of his rights under the constitution of the state of Mississippi as set out in sections 23 and 26 of the Constitution of this state and under the *Tucker case,* 90 So. 845, we submit this case must be reversed on this alone. Here was a defendant whose home was invaded in his absence by men without authority of law, without a search warrant, they going through his

130 Miss.—8

household effects and finding the ordinary household goods that are found in everyone's home and taking these goods without authority of law and presenting them before a jury and attempting to identify them and testify in reference to them.

We submit that this case comes strictly within the rule laid down by this court in the Tucker case.

*H. Tolbert Odom,* assistant attorney-general, for the state.

In the second edition of 17 American & English Encyclopedia of Law, at page 129, the following rule is stated: "Effect of reception of inadmissible or incompetent evidence. The court will not look behind the return of the grand jury and set aside an indictment, because that body received improper evidence of the testimony of witnesses who were not competent to testify. *Hammond* v. *State,* 12 Encyclopedia of Procedure, 620; *Welch* v. *State,* 68 Miss. 341; *U. S.* v. *Swift,* 186 Fed. 1002; *Noll* v. *Dailey,* 72 W. V. 520, 79 S. E. 668, 47 L. R. A. (N. S.) 1207; Fourteenth Volume of Ruling Case Law, under the heading, "Indictments and Informations," paragraph 49 at page 205; *Smith & Cavin* v. *State,* 61 Miss. 754; *Hammond* v. *State,* 74 Miss. 218; *Kyzer* v. *State,* 125 Miss. 79, 87 So. 415; *Baldwin* v. *State,* 125 Miss. 561; *People* v. *Fealy,* 165 Pac. 1034; *State* v. *Boyd,* 2 Hill (S. C.) 288, 27 Am. Dec. 376; *In Re Kennedy,* 144 Cal. 634, 78 Pac. 34, 67 L. R. A. 405; 103 Am. St. Rep. 117; 1 Ann. Cas. 849; *Broebeck* v. *Superior Court,* 152 Cal. 289, — Pac. 646; Bishop on Criminal Procedure, 872, and *United States* v. *Reed,* 2 Blatchf. 437; Fed. Cas. No. 16,134; Bishop on Crim. Proc. 872; *State* v. *Boyd,* 2 Hill (S. C.), 288, 27 Am. Dec. 276; *Smith* v. *State,* 61 Miss. 759; *Hight* v. *United States,* Morris (Ia.) 407, 43 Am. Dec. 111; *U. S.* v. *Reed,* 2 Blatchf. 437; Fed. Cas. No. 16,134; *Hammond* v. *State,* 74 Miss. 214, 21 So. 149.

One of the leading authorities which discusses the rule laid down by the Mississippi supreme court in the case of *Baldwin* v. *State, supra,* is a case of *State of West Virginia* v. *William Woodraw,* reported in Second L. R. A. (N. S.) at page 862, wherein will be found a very full and interesting discussion of this rule. One of the most recent cases decided by the supreme court of West Virginia is the case of *Noll* v. *Dailey,* reported in 74 L. R. A. (N. S.) at page 1207. This case is also in point and is supplemented by copious notes in support of and against the rule.

In the case of *People* v. *Lay* (Wis.), L. R. A. 1917b, the rule is stated as follows: "The mere fact that incompetent, improper and irrelevant testimony was received and considered by the grand jury was not fatal to the indictment unless such testimony was the only testimony considered by them.

The case of *Holt* v. *United States,* 218 U. S. 245, affirming *U. S.* v. *Holt,* 168 Fed. 141, supports the doctrine laid down by our supreme court in the case of *Baldwin* v. *State, supra. Lee* v. *State* (Tex.), 40 L. R. A. (N. S.) 1032.

The court in speaking of this proposition, uses the following language: "2. Appellant contends that the indictment should have been quashed because it was found by the grand jury without witnesses or testimony before them upon which to predicate such finding. This question has been settled adversely to appellant in quite a number of cases in Texas. *Kingsbury* v. *State,* 77 Tex. Crim. Rep. 259, 39 S. W. 365; *Terry* v. *State,* 15 Tex. App. 66; *Dockery* v. *State,* 35 Tex. Crim. Rep. 487, 34 S. W. 281, there are quite a number of other cases laying down the same doctrine."

My research discloses the general rule to be that the trial court would not be warranted in going behind the indictment to ascertain whether or not the evidence upon which the indictment was found was legal; at the same time there are authorities to the contrary, as will be noted from the quotation from Ruling Case Law, supra, another

authority subscribing to the same doctrine as that of Bishop's New Criminal Procedure, paragraph 763, which states the rule as follows: "If in a matter not of record, or in one relating to some part of the record which the court can control and mend, there is a fact which renders the indictment void, the court may receive extrinsic evidence thereof, and on being satisfied with the proof, quash the indictment. For example, this is so where the grand jury renders its finding without evidence, or on illegal evidence.

ANDERSON, J., delivered the opinion of the court.

Appellant, Joseph Blowe, was indicted and convicted in the circuit court of Adams county of the crime of grand larceny and sentenced to the penitentiary for five years, from which judgment he prosecutes this appeal.

The property which appellant was charged with the larceny of consisted of men's suits, shirts, drawers, blankets, shoes, and other articles belonging to H. F. Byrnes, who owned and conducted a department store in the city of Natchez. Byrnes had been missing articles of that character, and with a view of detecting the thief procured a member of the police force of the city of Natchez to remain in his store at night on watch. On the second night of his watch between seven and eight o'clock appellant came to one of the doors of the store, and tried to force it open, and when in the act of so doing was arrested by the said officer. At the time of his arrest it was shown that he had on a suit of underwear, which Byrnes claimed was stolen from his store. Appellant was lodged in jail. Thereupon two police officers of said city of Natchez. Couillard and Ryan, without a search warrant, searched the home of appellant, and found there various articles of goods answering the description of those missing out of the store of Byrnes.

Before entering upon the trial the appellant interposed a motion to quash the indictment on the ground that the

evidence upon which the grand jury found it was procured without a search warrant. And appellant offered to introduce evidence to establish the ground of said motion, but was denied by the trial court the right to do so, and this action of the court is the basis of one of the assignments of error. Appellant's motion was based on the holding of this court in *Tucker* v. *State,* 128 Miss. 211, 90 So. 845; *Williams* v. *State,* 92 So. 584; *Will Butler* v. *State,* 93 So. 3; and *Herman Taylor* v. *State,* 93 So. 355. It was held in those cases that evidence secured against a defendant in a criminal case by the unlawful search of his premises could not be used against him on his trial. It is argued that, the evidence being incompetent, it could neither be used against the defendant on his trial nor before the grand jury as the basis for an indictment. This identical question has not been decided by this court. In *Kyzar* v. *State,* 125 Miss. 79, 87 So. 415, the motion to quash the indictment was on the ground that it was found by the grand jury without any evidence; and on the trial of the motion the appellant offered to show that no witness appeared before the grand jury on the date the indictment was found. The court said that the trial court properly refused to inquire into the character or the sufficiency of the evidence upon which the indictment was found. *Baldwin* v. *State,* 125 Miss. 561, 88 So. 162, is to the same effect; the court saying in that case:

"The rule in this state is that no inquiry can be made into the evidence on which the grand jury acted in finding an indictment."

The question was raised in *Smith* v. *State,* 61 Miss. 754, by plea in abatement to the indictment, which plea set out that the indictment had been found by the grand jury without an examination of any sworn testimony. The court said that the authorities on the question were conflicting, but it preferred those which denied such an inquiry.

This exact question was involved in *Hammond* v. *State,* 74 Miss. 214, 21 So. 149, but not decided. The motion to

quash the indictment in that case was based on the ground
that the indictment had been found by the grand jury in
whole or in part upon the testimony of the wife of the ac-
cused, who under the law was incompetent to testify
against her husband. Although not decided, the question
was considered and discussed by the court, and the opin-
ion of the court in *State* v. *Dayton*, 23 N. J. Law, 49, 53
Am. Dec. 270, holding that on such an inquiry the court
would not go into the question of either the sufficiency or
the competency of the evidence before the grand jury, was
quoted with approval.

There is a division among the authorities elsewhere on
this question, but the weight of authority as it appears is
to the effect that, in order to determine whether an in-
dictment was legally found, no inquiry whatever will be
gone into as to whether the evidence before the grand jury
was either competent or legally sufficient. We think this
rule is sustained by the better reasoned authorities, as
well as the weight of authority. The principle is stated
and authorities collated in 17 A. & E. Ency. of Law (2d
Ed.), p. 128; 12 Standard Ency. of Pro. 620; 14 R. C. L.
section 49, p. 205.

On the trial of appellant the evidence obtained against
him by virtue of the search of his home without a search
warrant was used over his objection, and this action of
the court is assigned as error. Clearly under *Tucker* v.
*State, supra,* and the cases following it, this evidence was
incompetent; however under the facts of this case its ad-
mission was without harm to appellant, because he volun-
tarily went on the witness stand in his own behalf, and
admitted the only fact which the state had been enabled
to prove by virtue of the illegal search of his home, namely,
his possession of the goods alleged to have been stolen.

There are several other assignments of error, some of
which are well founded. The guilt of the defendant, how-
ever, was so overwhelmingly shown by the evidence that
the jury could have reached no other verdict than that of
guilty. It is apparent from the entire record in this case

that, if none of the errors committed by the court had taken place, the same result would have been reached. In other words, we find that under the facts of the case appellant was not denied any substantial right.

*Affirmed.*