NICAISE v. STATE.*

(Division B.   Feb. 8, 1926.)

[106 So. 817.   No. 25473.]

CRIMINAL LAW. *Admission of evidence obtained by illegal search not rendered harmless by defendant's admission of one only of facts in testimony.*

Where officers making illegal search of defendant's house testified, not only to finding still therein, but to acts and conduct of defendant during the search bearing materially on his guilt, this was not rendered harmless by his merely admitting the finding; he denying still was in his possession, as well as the claimed acts and conduct.

*Corpus Juris-Cyc. References; Criminal Law, 17 C. J., p. 325, n. 70; Admissibility of evidence obtained by illegal search and seizure, see notes in 34 L. R. A. (N. S.) 59; L. R. A. 1915B, 834; 24 A. L. R. 1409; 10 R. C. L. p. 933; 2 R. C. L. Supp., p. 1112; 4 R. C. L. Supp., p. 679; 5 R. C. L. Supp., p. 572.

APPEAL from circuit court of Hancock county.

HON. W. A. WHITE, Judge.

Cloza Nicaise was convicted of possession of still, and appeals. Reversed and remanded.

*C. B. Adams,* for appellant.

The court below erred in permitting Clarence Carrio, deputy sheriff, to testify to what he found on the premises occupied by the appellant. There was neither a valid affidavit nor search warrant. And since there was no search warrant to search appellant's premises, the evidence is inadmissible. *Smith* v. *State,* 133 Miss. 730, 98 So. 344, *McCarthy* v. *Gulfport,* 134 Miss. 632, 99 So. 501; *Cuevas* v. *Gulfport,* 134 Miss. 644, 99 So. 503; *Taylor* v. *State,* 134 Miss. 110, 98 So. 459; *Rignall* v. *State,* 134 Miss. 169, 98 So. 444; *Falkner* v. *State,* 134 Miss. 253, 98 So. 691; *Jordan* v. *State,* 135 Miss. 785, 100 So. 384; *Wells* v. *State,* 135 Miss. 764, 100 So. 674.

We contend that since the evidence in this case was secured without a search warrant, it is not admissible; and that being true, the appellant was entitled to the peremptory instruction requested.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

In order for the defendant to be convicted it was not necessary to rely on the testimony obtained by the officers through their alleged illegal search of the premises of the defendant. The defendant himself when he took the stand in his own behalf admitted every fact which was testified to by the officers on their examination by the attorneys. The testimony in this case overwhelmingly shows the guilt of the defendant. At no place do we find a denial of these facts, which facts alone were sufficient to carry the case to the jury. The only defense made by the defendant is a weak effort on his part

and on the part of his immediate relatives and friends to explain away the existence of these uncontroverted facts. We consider the case to be on all fours with the case of *Blowe* v. *State,* 130 Miss. 112, 93 So. 377.

Certainly, the defendant's testimony alone, even though the officers has never been put upon the stand, would have been sufficient to take the case to the jury and let them decide whether or not the explanation given by the defendant as to why these articles were in his possession and on his premises, was a reasonable one, and whether or not it should be accepted. By their verdict they showed that this explanation was not worthy of belief and was not reasonable.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Hancock county of the crime of having in his possession a still used for the manufacture of intoxicating liquors, and was sentenced to the penitentiary for a term of six months. From this judgment he prosecutes this appeal.

The still was found in the appellant's home. A material part of the evidence upon which the appellant was convicted was secured as the result of an illegal search of his home and premises. There the officers found the still. The appellant testified in his own behalf, admitting the presence of the still at his home, but denied that it was in his possession. He testified that it was in the possession of another, and there was some corroboration of his testimony.

In addition to testifying that the still was found at the home of the appellant, the officers testified further to certain conduct of appellant which took place during the search of his home, and which tended to show his guilt. One of the officers testified that, while the search was being made, he caught appellant in the act of pouring out some whisky. And one or more of the officers

making the search testified that, while the search was going on, appellant, by means of a hatchet, undertook to mutilate the still. Appellant in his testimony contradicted that of the officers.

To sustain the conviction, the attorney-general relies on *Blowe* v. *State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429. It was held in that case that, where a defendant, as a witness in his own behalf, admits in his testimony the only facts which the state has proven as the result of an illegal search, such proof is without harm to the defendant, and therefore, is not reversible error. In that case the defendant was charged with larceny. The searching officers found the stolen goods in his possession. No other fact ascertained by the illegal search, having a bearing on defendant's guilt, was testified to by the officers. The defendant went upon the witness stand and admitted the possession of the stolen goods, and undertook to account for same in such a manner as to exonerate himself from guilt. In the present case, although appellant admitted, while testifying in his own behalf, that the still was found by the searching officers at his home, he denied that it was in his possession. And, furthermore, the officers making the illegal search in the present case testified to certain acts and conduct of the appellant having a material bearing on his guilt which took place during the search, namely, the pouring out of the whisky and the attempts to mutilate the still by means of a hatchet, which were denied by the appellant as a witness in his own behalf. The Blowe case is therefore not controlling, but the *Tucker case,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, and the cases following that, holding that evidence secured by an illegal search cannot be used against a defendant, are controlling.

*Reversed and remanded.*