## POSEY HAYES ET AL. v. STATE OF MISSISSIPPI.

### [47 South. 522.]

GRAND JURY. *Discharge. Right to reassemble.* Code 1906, §§ 2706, 2718.

The circuit court has power, during the term, to reassemble a grand jury after it has been discharged, under Code 1906, § 2706, authorizing the court in its discretion to adjourn the grand jury to a subsequent day of the term, and Code 1906, § 2718, declaring the jury laws to be merely directory.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Haynes, Jonas Mixon, and another, appellants, were indicted, tried and convicted of burglary and appealed to the supreme court. The facts touching the only question in the case are fully stated in the opinion of the court.

*Robert P. Thompson, Charles B. Hamilton* and *Lamar Easterling* for appellant.

The only question presented by the record in this case is whether or not the indictment against defendant is a valid indictment, or putting the question another way, whether or not the grand jury who found this bill of indictment was a legally

constituted body.   The precise question is whether or not the judge can reassemble the grand jury who had been discharged by the court and dismissed for the term.

There is no doubt but that the court may adjourn the grand jury from day to day during the term.   In fact this power is expressly given.   Code 1906, § 2706.   And the court is given the power to fill vacancies in the grand jury whenever necessary from any cause.   Code 1906, § 2705.

The question at issue in this case is whether or not the court had the power under the law to reassemble, and thus to give life to a body that had ceased to exist, and hence, no legal body at all. ·  To hold that the court may after discharging a jury have them reassembled at any other time during the term, is equivalent to holding that the court has the power to summon or have summoned another separate and distinct grand jury.   We do not know of any such law, or precedent authorizing such course in this state.   The only mode, except in certain exceptions, of drawing grand jurors is that laid down in Code 1906, § 2700, and it is certain that this is the only method followed in this state.   In this state grand jurors are drawn not for any specified time as one year, as in some other states, but always for a certain term of court.   In the latter part of Code 1906, § 2686, it is said:  "Grand jurors shall serve until discharged by the court."   Now the question is, after the grand jury have made their final report to the court and asked to be discharged, and the court has actually discharged said jury, and they have proved their time and drawn their pay and gone home and ceased to be jurors, can the court call them back and have them reassembled into a lawful grand jury with its powers and duties?   The law says they shall serve until discharged by the court, but nowhere that we can find does it say that the court can call back the same grand jurors after they have been discharged and ceased to exist as a lawful body.

Appellant Mixon is not complaining of any irregularity in the summoning and selecting a grand jury according to law, but

his is a challenge to the legality of the body itself, which we think is not merely an irregularity but a constitutional right. If, under our law, the court had no power to reassemble and give life to a defunct body, then the very ground work and base of the indictment itself falls to the ground and the constitutional guaranteed rights of the appellant have been invaded and he has been deprived of his liberty without due process of law.

Even if it be admitted for the sake of argument that the circuit court has the inherent power derived from the common law to impanel a new grand jury at a term of court, still it does not follow that it has the power derived from the common law to reassemble a grand jury that has been legally and finally discharged. In the case of *Newman v. State,* 43 Texas 535, it is said: "We know of no authority either on principle or practice for issuing a venire to enable a sheriff to select a new grand jury after that for the term has been discharged."

*George Butler,* assistant attorney general, for appellee.

The precise question, is, can the judge after discharging the grand jury which had been impaneled for the term, reassemble them during the term when the public interest requires it?

The policy of the law is that every one charged with crime shall have a speedy and fair and impartial trial.

It has long been determined in this state that our circuit courts in the administration of the criminal laws have all the powers of courts of Oyer and Terminer and general jail delivery of England. Under our laws the grand jury are impaneled for the full term, but may under Code 1906, § 2686 as at common law, be discharged when the business then before them is finished. And under section 2706, may be adjourned to a subsequent day of the term. These provisions are simply declaratory of the common law, and the court is thereby given no greater power than it possessed without it.

By permission of Judge J. A. P. Campbell his views of the

subject contained in a private letter to the attorney general
are herewith presented.   He writes:

. "The circuit court has some inherent power by virtue of the
constitutional grant of jurisdiction.   1 Howard (Miss.). 238;
2 Ib. 655; 16 Ark. 37; 34 Ib. 720; 20 Iowa 413.   The grand
jury was impaneled for the term.   Its dispersion by consent of
the court did not hinder its reassembling under the authority
of the court.   Every order and judgment is in the breast of the
judge during the term and subject to change.   If he found that
there was need for the grand jury during the term after dis-
missing it no law was violated by recalling it.   The statute, sec-
tion 2706, authorizes adjournment of the jury to a later day of
the term.   The object of this is to save expense.   The court
would have the power without the statute.   The statute does not
affect it.   There is nothing in the idea of a separation or dis-
persion of the jury affecting the power when reassembled under
direction of the court.   The grand jury disperses daily.   It
may adjourn for days or weeks during the term.   It fixes its
own hours of meeting and adjourning.   Suppose the judge had
told the jurors they might go and if he .should want them they
would be notified, no question would have been made as to the
right to recall them.   How could the fact that he did not an-
nounce to them a possible recall affect his right to recall them?
It would be wise at every term of several weeks to dismiss the
grand jury to a late day in the term so that were an indict-
ment quashed or a crime be committed during the term, the
jury could be assembled and indict.   Celerity in administering
criminal law is conducive to public welfare.   The law provides
for adjournment to a future day and consists with adjournment
without day subject to notification.   The only difference is that
in one case a day for reassembling is fixed, in the other not.
The latter is better, because it avoids expense as reassembling
may not be necessary and *per diem* will not be payable.   The
very letter of the statute (sec. 2706) would have been observed,
if the judge had dismissed the jury to a future day named, the

spirit of the statute was not violated in the course pursued. *Qui Haeret in litera, haeret in cortice.*"

What are the objections to this precedure? Not that any of the grand jurors were disqualified. Not that they were prejudiced or biased against appellant; not that the safeguards of the citizen charged with crime were disregarded in the original selection; not that he was deprived of any right to object to the panel. But simply that after their oral discharge they were reassembled and returned this indictment. By this course a new body was not selected and created. Jurors of the court's own choosing were not called to the box. It was the assembling of the very body selected for that term in the manner required by law.

"When an emergency arises requiring the presence of a grand jury after the regular body has been discharged in the absence of statutory authority to summon a new panel, the court should set aside the order of discharge and reassemble the previous grand jury." Thompson & M. on Juries, Sec. 497.

WHITFIELD, C. J., delivered the opinion of the court.

The appeal in this case was dismissed as to all the defendants except Jonas Mixon.

The facts in this case are as follows: On the first Monday of March, 1908, the 2d day of March, the court was duly convened and the grand jury duly impaneled and continued in regular daily session till March 17th, when they returned into court a report purporting to be a final report and asking for their discharge. Whereupon the court verbally from the bench discharged them, and thereupon they drew their pay and dispersed. Afterwards several serious crimes took place in that judicial district of the county, and on verbal order of the court the jury was notified to reassemble and instructed to investigate these alleged crimes. After this reassembling, this indictment was returned and filed, and motion made to quash, after the overruling of which the defendants were convicted, and

from that conviction prosecute this appeal. The precise question is: Can the judge, after discharging the grand jury which had been impaneled for the term, reassemble them during the term when the public interest requires it?

Under our law the grand jury is impaneled for the full term. Under Code 1906, § 2706, the court may adjourn the grand jury to a subsequent day of the term. Every order and judgment of the court is in the bosom of the court during the term, and subject to such change as necessity may require. One of the most essential things in the administration of the criminal law is celerity in the trial of persons charged with crime. The constitution itself guarantees a speedy trial. In a case where crimes have been committed after the discharge of the grand jury, is the court without power to recall the grand jury, during the term, and have these crimes investigated? We think not. All the power conferred by section 2706 is merely declaratory of what the common law was. Code 1906, § 2718, declares that the jury laws are merely directory; and this section does have application to this sort of case. The true view in our judgment is that the court has, as it had at common law, the essential and inherent power to recall the grand jury during the term, and, if an order had been entered on the minutes discharging that body previously, to set aside such order at any time during the term when their recall is necessary to the ends of justice. No narrow technical view of the power of the court in a matter of this sort ought to be indulged by the court. The grand jury, when reassembled, was the same grand jury identically that had been discharged. Learned counsel for appellants say that, "if a judge should be held to have the power to assemble a defunct grand jury, then he would have equal right to impanel a new grand jury," etc. This statement involves two fallacies: First, the grand jury during the term cannot in any proper legal sense be considered "defunct," though discharged. It is subject to recall by the court, if the ends of justice shall so require, at any time during the term; and there is,

in the second place, a vast distinction between impaneling a new and wholly different grand jury and reassembling identically the same grand jury. It must be carefully kept in mind that the solitary objection here is nakedly that the grand jury, when reassembled (though the identical body in all respects which had been discharged, though also it was not urged that any member of it was disqualified, nor that the safeguards of the citizen had been in any way disregarded in their original selection), was an illegally constituted body, because only the court had discharged them before the end of the term. The court did not choose the grand jury. It was not a new grand jury. It was the identical panel that had been discharged. We have examined carefully all the authorities which have been cited on both sides, and we will refer briefly to a few authorities which support the view we hold to be the correct one.

We premise by saying that it is true, as stated by learned counsel for the appellant, that some of the authorities cited by the learned attorney general are from states which have statutes providing for the reassembling of the grand jury after a discharge; but this is not true of all the authorities he has cited. In 20 Ency. of Law & Procedure, 1234, it is said: "By statute in some jurisdictions, when the grand jury is dismissed before the final adjournment of court, they may be summoned to reassemble at the same term if necessary. Indeed, this power has been held to be inherent in courts of original jurisdiction in criminal matters." And the case of the *State v. Reid,* 20 Iowa 413, is cited to this last proposition, and squarely so holds. Indeed, all statutes of this sort are simply declaratory of what the common law was, and such would be the law where the common law prevails without such statutes.

In 17 Am. & Eng. Ency. of Law (2d ed.) p. 1289, it is said: "Where a grand jury, having finished its business, has been discharged before the end of the term, the court may at any time during the term revoke and set aside its order discharging the grand jurors and reassemble them for the purpose of finding

indictments, especially where an offense has been committed subsequently to the discharge of the grand jury." We approve this as a necessarily sound statement of the law, and it is expressly so decided in *Newman v. State,* 43 Tex. 528, independently of the particular statute therein referred to. That statute provided the mode of selecting a grand jury, and the court, on an objection to the mode in which the particular grand jury had been selected, observed, as counsel for appellants say, that they knew of no authority for issuing a venire to enable the sheriff to select a new grand jury after that for the term had been discharged. That was all that was decided on that precise point. But the court explicitly held on the general proposition the law to be as stated in the quotation above from the Am. & Eng. Ency. of Law, independently of any statute in the state of Texas.

And the same doctrine is held in *Wilson v. State,* 32 Tex. 114. The syllabus in that case correctly states the point held as follows: "A grand jury, after serving about two weeks, was discharged by order of the court. At a subsequent day of the same term of the court, the same persons who composed the grand jury were reassembled in court, and the court, by order, set aside its former order discharging the grand jury, and directed them to proceed to the discharge of their duties as originally charged. The indictment in this case was for murder committed in the interim between the discharge of the grand jury and its reorganization, and was found by the grand jury after being so reorganized. Held, that there was no error in the proceedings, and that the indictment was found by a lawful grand jury." In Thompson & Merriam on Juries, § 503, it is said: "The statutes of a few states provide that, when the grand jury is dismissed before the court adjourns, they may be summoned again on any special occasion at such time as the court directs. But it is not clear that this may not be done without the aid of such a statute" —citing *Reg. v. Holloway,* 9 Car. &. P. 43, *Wilson v. State,* 32 Tex. 112, and *Newman*

*v. State,* 43 Tex. 525, and *State v. Reid,* 20 Iowa 413. In sec-
tion 497 the same authors say: "At common law there were
two occasions upon which a new grand jury might be assembled
where the original body had been discharged. First, if, before
the end of the sessions, some new felony or misdemeanor were
committed, and the offender taken and brought into custody, or
if some former offender not yet indicted were brought in. Sec-
ond, to inquire into the concealments of the former grand jury,
namely, their failure to indict according to their oath. Some
courts have considered that this common-law power, by simple
direction to the sheriff, to summon a second jury after the dis-
charge of the first, yet remains, notwithstanding the statutes
prescribing the various formalities for the selection and draw-
ing of jurors. This conclusion can be reached only by regarding
the statutes regulating the selection and drawing of jurors as so
purely directory that they may be disregarded. If they may be
disregarded in the summoning of the second jury, so may they
be in the summoning of the original panel, from which it would
follow that the selection of every panel of grand jurors would
be relegated to the discretion of the sheriff as at common law.
This cannot be the law. When an emergency arises requiring
the presence of a grand jury after the regular body has been dis-
charged in the absence of statutory authority to summon a new
panel, the court should set aside the order of discharge and re-
assemble the previous grand jury."

It will be observed that one of the very objections here urged
that a grand jury can only be selected in the mode prescribed
in the statute, is recognized, but the objection is said to be com-
pletely met if the court shall pursue the proper course, which
course is declared to be in the last clause of the section to set
aside the order of discharge and reassemble the previous grand
jury.

The last authority to which we shall refer, and which decides
the matter squarely on common-law principles and independ-
ently of any statute, is the case of *State v. Reid,* 20 Iowa, com-

mencing at page 422: "But one question remains, and that is the point made in the motion in arrest, based upon the manner of impaneling the grand jury. It seems that at the commencement of the February term the grand jurors were called, and some being absent, their places were filled by the sheriff as provided by section 4609 of the Revision. On the 22d of February, this jury submitted its final report and was discharged. On the 7th of March, the term still continuing, the court ordered the clerk to issue a venire commanding the sheriff to summon the grand jury impaneled for the term to meet on the 13th. The grand jury, before discharged and thus convoked did meet and found this indictment, and were discharged on the 20th. Defendant was arrested on the 6th, was in jail on the 13th, and pleaded to the indictment on the 22d of March.

"The objection is that the court had no power to thus constitute a grand jury; that, after their discharge, they could not again be convoked for the term, and, if so, that it was irregular and improper to allow the talesmen to serve with the regular jurors, their duties ceasing entirely with their first discharge.

"The law is that persons selected to supply a deficiency in the requisite number of grand jurors "serve only during the term at which they are summoned." Section 4610. This implies that they are to serve, like regular jurors, during the term; but, unlike those of the regular panel, their duties cease with the term. It then seems to us, if any of these jurors could be reconvened, they all could, and, indeed, to have omitted any one in the venire would have been irregular. By such a course the court does not select or create a new body or call men into the box of its own choosing, nor does it remove, reform, or change the members thereof; but calls together the very body constituting the grand inquest for the term.

"Had it the power, then, to recall this jury to consider and pass upon offenses committed immediately after their discharge and before the adjournment? It seems to us the power exists. The grand jury is a component part of the judicial machinery. It is summoned for the term, and the regular jurors served for

a ·year. The policy of the law is that persons charged with crime shall have speedy as well as fair and impartial trials. The court possesses the power to call a grand jury together at a special term. Section 2658. It is a court of general original jurisdiction in criminal, as well as civil matters. Section 2663; Const. art. 5, § 6. To hold that it may not when the public exigency demands it, resummon the grand jury for the term after they have disposed of the business before them, and at the time demanding their cognizance, would strip it, as it seems to us, of a portion of its inherent power, a power essential to the administration of justice, a power as clearly deducible from those expressed and undenied, as any other which can be conceived."

We regard this as a very accurate statement of the true view of the inherent power of the circuit court, a court of general original jurisdiction as to the point involved.

Wherefore the judgment is *affirmed.*

FLETCHER, J., took no part in the decision of this case.