JIM GREEN ALIAS JIM MCQUEEN, *Plaintiff in Error*, V. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW & RECALLING DISCHARGED GRAND JURY— OBJECTIONS TO GRAND JURY MUST BE TAKEN BY PLEA IN ABATEMENT BEFORE PLEADING IN BAR—OBJECTIONS TO THE DRAWING AND SELECTION OF TRIAL JURORS CANNOT BE MADE BY MOTION IN ARREST OF JUDGMENT.

1. A grand jury that has been discharged or dismissed may be recalled and reassembled during the same term of the court, and indictments then properly returned by them are valid, and it is not necessary in such a case for the judge to make a formal order vacating his order discharging such grand jury, since the order recalling them is tantamount to a vacation of the order discharging them.

2. All objections to the legality of grand jurors must be made by plea in abatement to the indictment before pleading in bar; by pleading in bar the defendant waives any irregularity that may have been taken advantage of by plea in abatement.

3. Irregularities in the drawing and selection of trial jurors may be urged by a challenge to the array before going to trial, such objections come too late after verdict and have no place in a motion for new trial or in arrest of judgment. The defendant by going to trial before a jury without any objections waives all irregularity in the drawing, summoning and impanelling of such jurors.

4. Evidence held to sustain the verdict of conviction of murder in the first degree: PARKHILL, J., dissents, being of the opinion that the evidence makes out only a case of manslaughter.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Geo. Couper Gibbs,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error was indicted, tried and convicted for the crime of murder in the first degree in the circuit court for Duval county, and sentenced to death, and brings this judgment here for review by writ of error.

The first assignment of error that we shall notice is the denial of the defendant's motion in arrest of judgment. This motion was predicated on the following state of facts: The grand jury that presented the indictment against the defendant, having completed their labors had been discharged by the court, but during the same term of the court, by an order of the court, were recalled, re-empanelled and resworn, and then investigated the case against the defendant and found and returned the indictment upon which he was tried. It is contended here that the trial judge should by a formal order have first vacated in terms his former order discharging the grand jury, and then have ordered their recall. This contention is hyper-technical and cannot be sustained. The formal order made by the judge recalling the grand jury and requiring them to reassemble and re-empanelling and reswearing them was tantamount to a vacation of the former order discharging them. That it is lawful and proper for a grand jury that has been discharged or dismissed by the court to be recalled and reassembled during the same term of the court, and that indictments then returned by them are valid, is abundantly sustained by the authorities. 17 Am. & Eng. Ency. Law, p. 1298; 20 Cyc. 1324; Hayes v.

State, 93 Miss., 670, 47 South. Rep., 522; Newman v. State, 43 Texas, 525. But besides this it is settled law here that all objections to the legality of grand jurors must be made by a plea in abatement to the indictment before pleading in bar, by pleading in bar the defendant waives any irregularity that may have been taken advantage of by plea in abatement. Gladden v. State, 13 Fla., 623; Burroughs v. State, 17 Fla., 643, text 661; McQuillen v. State, 8 S. & M. (Miss.), 587; Colson v. State, 51 Fla., 19, 40 South. Rep., 183. The motion in arrest of judgment is also predicated on alleged irregularities in the drawing and selection of the trial jurors who tried the defendant. Such objections should have been urged by the defendant before going to trial, by a challenge to the array, it comes too late after verdict, and has no place in a motion for new trial or motion in arrest. The defendant went to trial before the jury that tried him without any objections, and thus waived any irregularity in the drawing, summoning and impanelling of such jurors. Thompson & Merriam on Juries, Sections 80, 294, 295 and 296, and authorities cited.

The next assignment of error that we will discuss is the denial of the defendant's motion for new trial made upon the ground that the verdict of conviction is not supported by the evidence in the cause. We have carefully considered the entire evidence adduced and are of opinion that it sustains the verdict returned. Upon the question of premeditated design, it was shown in evidence that the defendant for a week before the homicide had harbored ill feeling toward the deceased because of a petty indebtedness of fifty cents that he claimed the deceased owed him, and that it was chiefly because of this that he committed the act of killing him.

Finding no error, the judgment of the circuit court in

said cause is hereby affirmed at the cost of Duval county, the defendant having been adjudged to be insolvent.

WHITFIELD, C. J., and SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

PARKHILL thinks this a case of manslaughter.