BELL *v.* STATE.

[79 South. 85, In Banc.]

1. STATUTES. *Grand jury. Impanneling.*

Under Constitution 1890, section 61, so providing, section 3, chapter 264, Laws 1914, relating to impaneling grand juries was necessarily repealed by Laws 1916, chapter 253, section 3, not being brought forward in that act.

2. STATUTES. *Repeal. Title.*

That the title of chapter 253, Laws 1916, does not disclose that it was intended thereby to repeal section 3, chapter 264, Laws 1914, thereby amended is not material.

3. GRAND JURY. *Extent of session.*

Laws 1916, chapter 253, simply makes it mandatory upon the circuit judge to impannel a grand jury during the first half of each term of court, but of itself imposes no limitation upon the time during which the grand jury may continue in session after it has been impaneled.

4. GRAND JURY. *Discharge. Recall.*

The circuit judge has power to recall the grand jury after it has been discharged.

APPEAL from the circuit court of Bolivar county.

HON. W. A. ALCORN, Judge.

Carter Bell Jr., was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Owens & Roberts*, for appellant.

Sestion 455 of Hemingway's Code provides for the holding of circuit court in the second district of Bolivar county on the first Monday in April, twenty-four days, and the second Monday in November, thirty-six days, at which, during the first half of each term, a grand jury shall be impaneled, and during the first days of the November term only civil business shall be transacted and the last twelve days only criminal business shall be transacted. Section 456 of Hemingway's Code provides that no grand jury shall be drawn or impaneled in any of the counties composing the eleventh District for the second term of court for the calendar year except when ordered by the judge of the district.

We submit that under section 456 of Hemingway's Code no grand jury could have been impaneled in the second Judicial district of Bolivar county for the second term unless an order was previously made by the court ordering it to be drawn. No such order was made and therefore the assembling of the grand jury

was unauthorized and illegal. If the order had been made to assemble the grand jury the term at which the grand jury could have acted was only the first half of the November term. Should we grant, for the sake of argument, that the circuit court made the order for the grand jury to be drawn for the November term, still, under section 455 "during the first half of each term a grand jury shall be impaneled" limits the time in which the grand jury could be impaneled and act for the first half of the term. Here the grand jury had been convened, finished its labors, had been discharged and during the second half of the term of court they were reassembled and returned this indictment. The court had just as much right to reconvene the grand jury a month after it adjourned as it did during the last half of the term of court at which time no grand jury was authorized to be assembled. If this is true, then the indictment was returned by an illegal body and is of no more force than if it had been drafted by the district attorney and filed into court without any action on the part of any grand jury and we submit for the two reasons above assigned that the court erred in sustaining the demurrer.

*Whitfield & Whitfield,* for appellant.

This case lies within a very narrow compass. We insist in the first place that sections 3, 4, 5, and 6, and 7 especially section 3' of the Act of March 27, 1914, were not replaced by the Act of April 7, 1916, page 419 of the laws.

A careful reading and comparison of the two statutes will make it plain that the purpose of the legislature enacting chapter 264, pages 324 and 325, of the Laws of 1914, was to provide for the time of holding terms of the circuit court in the eleventh circuit district, and also to provide certain other pro-

visions in sections, 3, 4, 5, 6 and 7, especially to provide as it did provide by section 3, as follows: Section 3, p. 456 of Hemingway's Code: "No grand jury shall be drawn or impaneled in any of the above counties for the second term of court for the calendar year except when ordered by the judge of the district."

This being the provision of the Act of 1914, the Act of April 7, 1916, was passed to amend the Act of 1914, and we confidently submit that as stated in the title of the amending act, the only purpose whatever of that amending act was, as recited in the caption, "to amend the Act of 1914, so as to change the time of holding courts in the eleventh circuit court district." Then follow the changes desired to be made as to the time of holding courts; and this clause is added at the last part of the section, and one act, which is the only section in the act amended. The last part of section 1 says: "During the first half of each term the grand jury shall be impaneled; during the first twelve days of the April term only civil business shall be transacted, and during the last twelve days only criminal business shall be transacted; during the first twenty-four days of the November term only civil business shall be transacted, and during the last twelve days only criminal business shall be transacted."

It is perfectly manifest that sections 2, 3, 4, 5, 6, and 7 were not in any way attached or referred to by the amending act. Now, section 3 of the Act of 1914, is in the following words, and it is this action which engages our attention; 456 Hemingway's Code, section 3: "No grand jury shall be drawn or impaneled in any of the above counties for the second term of the court for the calendar year except when ordered by the judge of the district."

Take that in connection with the last clause above referred to of section 1 saying, "during the first half

of each term a grand jury shall be impaneled; during the first twelve days of the April term only civil business shall be transacted; and during the last twelve days only criminal business shall be transacted; during the first twenty-four days of the November term only civil business shall be transacted; during the last twelve days only criminal business shall be transacted.'' We take these two sections, section 3 and the clauses above quoted from the Act of 1916, and we submit that the plain purpose of the legislature was that no grand jury should be impaneled during the second half of any term and that only during the first half of each of those terms should any criminal business be transacted at all; the purpose being, that the indictments should all be found in the first half of the term, and the charges on which they were found should be tried only in the second half.

I submit that the purpose of the legislature, which must control in the construction of these two statutes, was that no grand jury should be drawn or impaneled during the second week of any of these courts in these counties. The law in section 3 of the Act of 1914, so expressly provides.

The effort of counsel and the learned assistant attorney-general is to escape the force of this section, which of course is fatal to their contention by arguing that said section 3, and indeed all of the other sectons, 4, 5, 6, and 7, of the Act of 1914 were repealed by implication by the Act of 1916.

There are some very familiar principles about the amending statutes and repealing statutes which we shall very briefly advert to as determining whether this section 3 was repealed or intended to be repealed by the Act of 1916.

In the first place, let it be noted that this indictment was filed December 10, 1917, in the last half of that term in the second district of Bolivar county. The

court had met on the 12th day of November, 1917, the court sat for thirty-six days, and it is obvious from the date, from the filing of the indictment December 10, that it was not filed in the first half, but in the last half of the said thirty-six days.

In 36 Cyc., 1071, the familiar doctrine is stated, "that the repeal of statutes by implication is not favored by the court. The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable or the intent to effect a repeal must be otherwise clearly expressed.".

At page 1108, ib., it is said: "Closely allied to the doctrine of equitable construction of statutes and in pursuance of the general object of enforcing the intention of the legislature, is the rule that the spirit or reason of the law will prevail over its letter. Especially is this rule applicable where the literal meaning is absurd or if given effect, would work injustice or where the provision was inserted through inadvertence. Words may accordingly be rejected and others substituted, even though the effect is to make portions of the statute entirely inoperative."

At page 1103, ib., it is said: "in the consideration of conflicting provisions in a statute, the great object to be kept in view is to ascertain the legislative intent, and all particular rules for the construction of such provisions must be regarded as subservient to this end."

At page 1132, ib., it is said: "and where one part of a statute is susceptible of two constructions and the language of another part is clear and definite and is consistent with one of such constructions and opposite to the other, that the construction must be adopted which will render all clauses harmonious."

Page 1102 ib.: "By the construction of a statute is meant the process of ascertaining its true meaning and application. For this purpose, resort may be had, not only to the language and arrangement of the statute, but also to the intention of the legislature, the object to be secured and to such extrinsic matters as the circumstances attending its passage, the sense in which it was understood by contemporaries and its relation to other laws."

And at page 1074, it was said: "Between the two acts there must be plain unavoidable and irreconcilable repugnancy, and even then the old law is repealed by implication only *pro tanto* to the extent of the repugnancy. If both acts can by any reasonable construction be construed together, both will be sustained."

I call the court's special attention to this quotation. There is no irreconcilable conflict between the Act of 1914, section 3, and that Act of 1916. Both can stand together. The Act of 1914, expressly forbids the drawing or impaneling of a grand jury for the second term of court in any of these counties, except when ordered by the judge of the district. There is no necessary conflict between that provision and the other provisions of the Acts of 1914, nor of the provisions of the Act of 1916, in regard to the statement that during the first half of each term, the grand jury shall be impaneled, or that during the first half of each term only civil business should be transacted. All of these provisions harmonize and coincide. The grand jury might properly enough and very wisely be drawn and impaneled during the first half of the term of court, all cases to be tried in the second half. The organization and impaneling of the grand jury need not in any wise interfere with the trial of the civil business, leaving the criminal business for the second half of the term. In this

way the business of the court would be administered in a more orderly way than if the trial of criminal business was injected into the first half of the term before the indictments were ever found. Unless the state can show an irreconcilable and inevitable conflict would result, this court will not allow an interpretation which repeal unnecessarily said section 3 of the Act of 1914.

At pages 1078-79, it is said: "But in order to effect such repeal by implication, it must appear that the subsequent statute covered the whole subject-matter of the former one, and was intended as a substitute for it. If the latter statute does not cover the entire field of the first and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope, but the two would be construed together so far as the first still stands."

Now we do most earnestly submit to the court that this last quotation shows beyond any question that section 3 of the Act of 1914, which is not referred to in any way in the Act of 1916, was not repealed, and not intended to be repealed, but that said section still stands as the law unrepealed and governs this case.

*Frank Roberson,* for appellee.

Chapter 264, Laws of 1914, prescribes the court terms for the eleventh circuit court district in which the county of Bolivar is situated. The act contains seven sections. Section 2 prescribes the calendar of the various courts. This act is amended by chapter 253, Laws of 1916. The amendatory act provides: "That chapter 264, Laws of 1914, be and the same is hereby amended so as to read as follows: The amendatory act omits all reference to sections 3, 4, 5, 6, and 7, of the Act of 1914."

Section e, of the 1914 act, being section 456 of Hemingway's Code, provides that no grand jury shall be

drawn for the second term of the court except when ordered by the judge, but as above stated, this section does not appear in the amended statute and was therefore repealed by the enactment of chapter 253, Laws of 1916. It necessarily follows, therefore that the general laws with reference to the drawing of grand and petit jurors apply.

In the latter part of section 1, in the 1916 act, the following language is found: "During the first half of each term a grand jury shall be impaneled; during the first twelve days of the April term only civil business shall be transacted, and during the last twelve days only criminal business shall be transacted."

It is argued by appellant that the grand jury was without authority to continue its sessions longer than the first half of the November term and that the indictment in this case was returned during the fifth week, or the latter half of the term. This act merely says that the jury shall be impaneled during the first half of the term. The word, "impaneled" is synonymous with the word, "formed."

2 Words & Phrases (2 Series), p. 954: It cannot be successfully argued that the word, "impaneled" in this statute was intended to mean that the grand jury can only deliberate and continue its sessions during the first half of the term. The absurdity of such a construction is apparent when the last clause of this same sentence is read, to wit: "and during the last twelve days only criminal business shall be transacted." A literal construction of this first clause would be that the grand jury could only meet during the last two weeks of the term, whereas, according to the contention of appellant, the grand jury which is a part of the criminal business of the court, must conclude all of its business during the first half of the term.

The argument that the court did not have the power to assemble the grand jury has been conclusively settled by this court adversely to the contention of the appellant in *Haynes* v. *State,* 93 Miss. 690, 47 So. 522. The court, speaking through Chief Justice WHITFIELD, said: ''To hold that it may not when the public exigency demands it, resummon the grand jury for the term after they have disposed of the business before them, and at the time demanding their cognizance, would strip it, as it seems to us, of a portion of its inherent power, a power essential to the administration of justice, a power as clearly deducible from those expressed and undenied, as any other which can be conceived.''

Our court was quoting from an Iowa case and adopted the language of that court as an accurate statement of the law. Section 2718, of the Code of 1906, section 2211, of Hemingway's Code, reads as follows: ''All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, through an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury.''

I submit, with the utmost confidence, that a plea in abatement is not the proper method to raise the question argued by appellant in Mississippi. Any objection to the impaneling of the jury either as to the qualifications of the individual members or to the qualifications or competency, or legality of the jury as a whole must be raised at the time of the impaneling of the grand jury and the failure so to do at that time renders the competency and legality of the grand jury, as a whole, conclusive except for fraud, Section 2704,

of the Code of 1906, section 2197 of Hemingway's Code, reads as follows:

"Before swearing any grand juror as such, he shall be examined by the court on oath, touching his qualification; and, after the grand jurors shall have been sworn and impaneled, no objection shall be raised, by plea or otherwise, to the grand jury; but the impaneling of the grand jury shall be conclusive evidence of its competency and qualifications; but any party interested may challenge or except to the array for fraud."

This section does not refer to merely the qualifications of the constitutent members as is frequently supposed but goes to the legality of the grand jury as a whole. In *Durrah* v. *State,* 44 Miss. 795, the court speaking through Judge SIMRALL, said: "The impaneling of the grand jury is made by the statute conclusive evidence of its qualification and competency, after it has been embodied, sworn and charged, no exception, by plea or otherwise, can be taken as to its legality as a whole, or to the qualifications of its constituent members."

The great judge, in passing on these jury statutes, took occasion to say, in *Head* v. *State,* 44 Miss. 749: "The judicial records of the country furnish mortifying testimony, that many culprits have gone free, unwhipt of justice, because of technical exceptions taken to the grand jury who preferred the indictments. For remedy for the sore grievance, the legislature in 1857, made two important amendments of the law; first, no objection by plea or otherwise shall be raised to impaneling the grand jury; but the impanelment shall be conclusive evidence of its competency and qualifications. Rev. Code, 499, art. 131. When the body has been organized, sworn and charged, it is too late to prefer objections. Any person interested whose conduct may be the subject of its inquiry and

investigation may challenge or except to the array for fraud.' This completely cuts off the plea in abatement, challenging the fitness and qualifications of the body or of any of its members.''

Chapter 253, Laws of 1916, has superseded chapter 264, Laws of 1914, and stands in lieu thereof and therefore the court is not required to do anything with reference to a grand jury at the November term and only the general law as to the drawing of juries is in force in Bolivar County. The circuit judge has ample authority to reassemble the grand jury during the term in which it was discharged and such grand jury may thereupon indict for any crime committed prior to its previous discharge.

Lastly, the question cannot be raised by a plea in abatement, but the appellant is foreclosed by section 2704, of the Code of 1906, section 2197, of Hemingway's Code since no objection was raised at the time the grand jury was impaneled; and, even if I am mistaken as to this, the jury laws are directory, and a grand jury, after it is impaneled, is deemed to be a legal jury except for fraud.

This same question arose in the case of *Wyatt Mathews* v. *State,* being No. 20305, from Bolivar county. The same counsel represented the appellant and the proposition was not even argued in their brief in that case. This question is also presented and argued in the case of *Carter Simms* v. *State,* No. 20306, also being submitted at this time and coming from the same county.

I respectfully submit that the court committed no error and that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of murder followed by a sentence to life imprisonment. Appellant filed a plea in abatement of the indictment, setting forth:

That the grand jury by which the indictment was returned "was an illegal body and one not authorized by law, in this, that the November term, 1917, of the circuit court was the second term of the calender year 1917, at which term of said court no grand jury was authorized by law to be impaneled without a previous order of the court ordering the drawing and impaneling of the grand jury. That no previous order of the court was made or had authorizing the drawing or impaneling of the grand jury, and that no provision of the law authorizing the assembling of the grand jury without an order of the court for that purpose, and therefore the drawing of the said grand jury by the sheriff and the clerk two weeks before court convened, and the drawing of the grand jury on the convening of court, was a nullity, and all acts and things done by the said grand jury, and all indictments returned by the said grand jury at the November term, 1917, of the circuit court of the Second judicial district of Bolivar county, Miss., were null and void. Second, because the grand jury was reassembled by order of the court on the fifth Monday of the term, the same being the second term of the circuit court for the Second judicial district of Bolivar county, Miss., and being the first day of the criminal term of said court, wherefore defendant alleges that an indictment returned at this time, upon the reassembling of the grand jury, is null and void."

A demurrer to this plea was sustained.

The first ground of appellant's plea is based on section 3, chapter 264, Laws of 1914, which he claims was not repealed by chapter 253, Laws of 1916. The enacting clause of the last-named statute is as follows:

"Be it enacted by the legistature of the state of Mississippi, that chapter 264 of the Acts of 1914 be and the same is hereby amended so as to read as follows."

And since section 3, chapter 264, Laws of 1914, is not brought forward therein, it was necessarily repealed thereby. Const. section 61; *Nations* v. *Lovejoy,* 80 Miss. 404, 31 So. 811.

That the title of chapter 253, Laws of 1916, does not disclose that it was intended thereby to repeal section 3 of the statute thereby amended, is not material. *Mayor et al.* v. *State,* 102 Miss. 663, 59 So. 873, Ann. Cas. 1915A, 1213; *University* v. *Waugh,* 105 Miss. 623, 62 So. 827, L. R. A. 1915D, 588; *State* v. *Phillips,* 109 Miss. 22, 67 So. 651, L. R. A. 1915D, 530; *Lang* v. *Board of Supervisors of Harrison County,* 114 Miss. 341, 75 So. 126.

The second ground of the plea is based on the provision of chapter 253, Laws of 1916, that "during the first half of each term a grand jury shall be impaneled," by which appellant contends the life of each grand jury is limited to the first half of each term of the court. This provision of the statute simply makes it mandatory upon the circuit judge to impanel a grand jury during the first half of each term of the court, but of itself imposes no limitation upon the time during which the grand jury may continue in session after it has been impaneled.

Appellant's further contention that the circuit court judge was without power to recall the grand jury after discharging it is ruled against him by *Hayes* v. *State,* 93 Miss. 670, 47 So. 522, 17 Ann. Cas. 653.

The evidence supports the verdict, and the judgment entered thereon will be affirmed.

*Affirmed.*