## KYZAR *v.* STATE.

[87 South. 415, No. 21550.]

1. GRAND JURY. *Circuit court may during term reassemble grand jury after discharge when 15 or more of the orginal memers respond.*

   The circuit court has power, during the term, to reassemble a grand jury after it has been discharged, under Code of 1906, § 2706 (Hemingway's Code, § 2199), authorizing the court in its discretion to adjourn the grand jury to a subsequent day of the term, and Code 1906, § 2718 (Hemingway's Code, § 2211), declaring the jury laws to be merely directory, and, under Code 1906, § 2700 (Hemingway's Code, § 2193), providing that a grand jury shall consist of not less than 15 members, when 15 or more of the original members of the body respond to the notice to reassemble and are present during its deliberations, the legality of any action of the reassembled grand jury is not affected by the absence of a particular member.

2. INDICTMENT AND INFORMATION. *After reassembly of grand jury during term, evidence that no witnesses appeared before it upon return of indictment held inadmissible.*

   The court cannot inquire into the character of the evidence before the grand jury upon which an indictment was found, and when a grand jury has been reassembled during a term of court and has returned an indictment upon which the names of witnesses are indorsed, evidence to show that no witnesses appeared before the grand jury on the date it reconvened and returned the indictment is inadmissible.

3. INTOXICATING LIQUORS. *The Eighteenth Amendment and the Volstead Act do not supersede or abrogate the existing state prohibition law.*

   Since the prohibition laws of the state of Mississippi do not in any respect contravene the essential and dominant purpose of the Eighteenth Amendment to the Constituton of the United States, and since the power exercised by the state under chapter 189, Laws of 1918, is in support of the main object of such amendment, the National Prohibition Act, commonly known as the Volstead Act, passed in pursuance of the Eighteenth Amend-

ment to the Constituton of the United States, does not supersede
or suspend the said chapter 189, Laws 1918, and the jurisdiction
of the state courts to enforce the provisions of said chapter is
not affected by the fact that Congress has legislated upon the
subject of prohibition.

APPEAL from circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Tom Kyzar was convicted of manufacturing intoxicating
liquors, and he appeals. Affirmed.

*Naul & Yawn,* for appellant.

A regular term of the circuit court of Lincoln county,
was begun and held on the 6th day of September, A. D.,
1920, and a grand jury of twenty good and lawful men
were impaneled, and on a day prior to the 15th day of Sep-
tember, A. D. 1920, said grand jury made its final report
to the court and was finally discharged. That the court
attempted to reassemble said grand jury for the 15th of
said month but no process for the reassembling of said
jury was issued by the clerk, but in some way, the sheriff
succeeded in getting some seventeen of said grand jurors re-
assembled, and said seventeen, without a single witness,
and without a bailiff, on the said 15th day of September,
returned into court the indictment herein. On these facts
appellant filed his motion to quash and plea in abatement,
and the evidence of the sheriff, clerk, and the statement
of the court, shows that the above statement is correct.
Surely the said seventeen men reassembled as aforesaid,
without a bailiff or any evidence whatever, had no author-
ity to return the indictment herein and said plea and mo-
tion should have been sustained, and said indictment
abated or quashed. See *Haynes* v. *State,* 47 So. 522. In
this case the same grand jury was reassembled. In the in-
stant case, some of the jurors were not notified, and no
effort made to notify the bailiff, Z. P. Jones.

In assignments fourteen and fifteen, the appellant con-
tends that the circuit court of Lincoln county, Mississippi,

had no jurisdiction of the subject-matter involved. In other words that the state courts at this time have no jurisdiction of the subject-matter, because of the recent amendment to the constitution of the United States, with reference to the intoxicating drink proposition, and the recent act of the Congress for the enforcement of the liquor laws. That at this time the United States Government has the exclusive enforcement of said laws, and the state courts have no jurisdiction thereof. As a general principle when the United States courts take jurisdiction of a subject-matter its jurisdiction is exclusive.

The jurisdiction can be raised for the first time in the supreme court. The government of the United States having taken jurisdiction of the liquor question, its jurisdiction is exclusive, and superior to the jurisdiction of the state courts, and the laws of the state and the Federal Government are in conflict, and those of the state must give way to those of the United States.

*W. M. Hemingway,* for appellee.

The grand jury had been discharged at a prior date during the term of court. The court afterward directed the reassembling of the same grand jury and not the calling of a special grand jury. Seventeen were secured by the sheriff, appeared in court and answered to their names. Three of them were not notified by the sheriff to reappear. Twelve grand jurors must concur in an indictment; Code of 1906, section 1417; Hemingway's Code, section 1173.

It is not contended that twelve did not concur in this indictment. The grand jury must have not less than fifteen nor more than twenty in the discretion of the court. Section 2700, Code of 1906; section 2193, Hemingway's Code. There were more than fifteen on this grand jury and they found the indictment against the defendant. The indictment was properly returned in court with the names of the witnesses endorsed on the back. See page 1 of the transcript.

The Motion to Quash and the Plea in Abatement. The motion to quash and the plea in abatement are placed on the same grounds; if one falls, then the other must fall. The reasons for these two motions are set forth on pages four and five of the transcript. Six of them were given, among them being that the grand jury had been discharged; that the entire grand jury was not summoned to return; that the indictment was found without either evidence or witnesses. The court will note that this is the same grand jury that had been sitting. The points were not well taken. Under the Code of 1906, section 2706, Hemingway's Code, section 2199, the court has a right to adjourn the grand jury to subsequent dates of the term. That section is fully explained in *Haynes* v. *State,* 93 Miss. 670, 47 So. 522.

The Jury laws are merely directory. Code of 1906, section 2718, Hemingway's Code, section 2211. The fact that three of the jurors were absent did not make it a new body at all; it made it a body with absentees, but with enough members present to comply with the law.

A grand jury may bring in an indictment without having any witnesses before it. The members of the grand jury may have the evidence and it is not necessary to have witnesses. *Lee* v. *State,* 40 L. R. A. (N. S.) 1132. But there is no evidence here that there were no witnesses before the grand jury. The indictment shows that there were two, R. C. Applewhite and H. L. Hoskins.

Defendant's complaint is that the court refused to let him show that there was no evidence. As the indictment endorses the names of the two witnesses, this was an attempt to have the grand jury impeach their own return; but, under the Lee case that makes no difference. The finding of the grand jury is not conclusive. It doesn't convict. It is a basis for a legal trial, which was granted to this defendant. The clerk does show that the foreman of the grand jury secured subpoenas signed by him in blank. They may have been used in securing the witnesses whose names are on the indictment.

Amendment to the United States Constitution and the Volstead Act. Defendant contends that on account of the amendment to the United States Constitution and the Volstead Act that the state is not vested with power over the manufacture and sale of liquors. The amendment to the Federal Constitution gives both governments concurrent power. The manufacturer of liquor is prohibited by both. ·There is no conflict. Concurrent power cannot be construed to mean exclusive power. The state court has assumed jurisdiction, the Federal court has not. The state has this power. Section 2 of the Eighteenth Amendment reads: "The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation. The state has enforced it by prohibiting it and providing the penalty and has clothed the courts with the power to act and they are exercising such power, but not exclusively. Our courts are accustomed to construe concurrent jurisdiction statutes. The constitutional amendment follows the same rule of construction."

Some attempt to make a distinction between concurrent jurisdiction and concurrent power. They may be construed as synonymous in this case. How can there be jurisdiction without some power? How can there be power unless there is something over which the jurisdiction may be exercised. Section 161, Mississippi Constitution, 1890, gives the chancery court and the circuit court concurrent jurisdiction over certain matters. That section has been construed by our court.

Chapter 134, Laws 1910, section 2, Hemingway's Code, section 2122, gives concurrent jurisdiction to the circuit court, and the chancery court over intoxicating liquor laws. This has been construed in *State* v. *Marshall,* 100 Miss. 626, 56 So. 792.

A giving of that power to the chancery court did not take it away from the circuit court. The state legislation and the Federal legislation concur in prohibiting the manufacture of intoxicating liquors. The court's attention is called to a brief filed by the attorneys for the Anti-Saloon

League. It is made a part of this brief and is filed herewith. A most interesting discussion of this amendment is found in the Harvard Law Review, Vol. 33, page 968.

The usual construction of Federal laws is where Congress has jurisdiction if it does not act, then the state may proceed to act, but where Congress assumes jurisdiction, then the state is deprived of jurisdiction. The Eighteenth Amendment shows on its face that it intended to depart from that rule because it gives concurrent power.

The attention of the court is called to the case of *Jones* v. *Hicks,* 104 S. E., a Georgia case, that holds the same as the Texas and Massachusetts courts cited in the brief of counsel for Anti-Saloon League.

W. H. COOK, J., delivered the opinion of the court.

Appellant, Tom Kyzar, was indicted by the grand jury of Lincoln county for the manufacture of intoxicating liquors, and was convicted and sentenced to imprisonment in the penitentiary for one year, from which verdict and sentence he prosecutes this appeal.

Appellant filed a motion to quash the indictment against him, alleging as the grounds of the motion that the grand jury had no authority or power to return the indictment; that the grand jury had been finally discharged by the court before the indictment was found; that the entire grand jury was not summoned to reassemble on the 15th day of September, 1920, the date the indictment was returned; that three of the grand jurors were not resummoned and did not meet with the body on the 15th day of September, 1920; that there was no evidence before the grand jury upon which the indictment was based; and that no witnesses appeared before them on the date the indictment was found and returned.

There was evidence offered on this motion, and it appears that after the grand jury was discharged, and during the term of court, the circuit judge issued an order reconvening the jury on the 15th day of September, 1920,

and directing the issuance of process for witnesses to appear before them. The grand jury as originally impaneled consisted of twenty members, but three of them were not notified of the order to reassemble, and on the date fixed by the order of the court only seventeen of them, including the foreman, appeared. It further appears that one of the three who were not resummoned had been excused from service by the court on account of illness, while the other two were not found in the county. The indictment against appellant as returned had indorsed thereon the names of the two witnesses, and appellant offered to introduce evidence to show that no witnesses appeared before the grand jury on the 15th day of September, 1920, the date they reassembled and returned the indictment against him. Upon objection this evidence was excluded and the motion to quash was overruled. Thereupon appellant filed a plea in abatement setting up the same grounds as were contained in the motion to quash, and the same evidence that had been offered on the motion was offered on the plea in abatement. The court also overruled the plea in abatement, the ruling of the court being in the following language:

"The court, having heard the evidence on the motion to quash, and also the same evidence on the plea in abatement, and considered the evidence and the answer of the state's attorney, as filed herein, is of the opinion that there is no legal ground to sustain the motion, and that there is no matter to be submitted to a jury to decide with reference to the plea in abatement, and is of opinion that the motion should be overruled, and is also of the opinion that the plea in abatement should not be sustained, and the court now so rules."

The action of the court both on the motion to quash and the plea in abatement was correct. Irrespective of any statutory authority, the court has the inherent power to recall the grand jury at any time during the term, and authority for this action by the court is also found in section 2706, Code of 1906 (Hemingway's Code, section 2199),

giving the court the power to adjourn the grand jury to a subsequent day of the term, and section 2718, Code of 1906 (Hemingway's Code, Section 2211), declaring that the jury laws are merely directory. The right of the court to reassemble the grand jury at any time during the term is not open to question in this state, as this question is settled in the case of *Hayes* v. *State*, 93 Miss. 670, 47 So. 522, 17 Ann. Cas. 653, and since the decision of that case it has become a common practice for the judge to recall the grand jury when, in his judgment, the public interest will be conserved by so doing. The power to reassemble the grand jury is of more importance now in the administration of the criminal laws than formerly on account of the greater length of the terms of court in many of the counties of the state, and the exercise of this power by the judges whenever the public exigency demands is to be commended. In the instant case the legality of the reassembled grand jury was not affected by the fact that only seventeen of them received the notice to reconvene. Section 2700 of the Code of 1906 (Hemingway's Code, section 2193) provides that the number of grand jurors shall not be less than fifteen nor more than twenty in the discretion of the court. The court has full power to excuse any member of a grand jury; the only limitation upon this power being that a grand jury shall never consist of less than fifteen members. It requires as many as fifteen members to constitute a grand jury, and so long as that number is present a defendant who is indicted by the body cannot complain of the absence of any particular member.

The testimony which appellant offered to show that no witness appeared before the grand jury on the date the indictment was returned was properly excluded. The court cannot inquire into the character or sufficiency of the evidence before the grand jury upon which an indictment was found, but, if the evidence offered in this case had been admissible, it would not have warranted a finding that there was no evidence before the grand jury upon

which to predicate their findings. *Smith* v. *State,* 61 Miss. 754; *Hammond* v. *State,* 74 Miss. 214, 21 So. 149.

In assignments fourteen and fifteen appellant contends that the laws of the State of Mississippi making the manufacture of intoxicating liquors a crime have been superseded or suspended by the adoption of the Eighteenth Amendment to the Constitution of the United States and the enactment of the national prohibition amendment thereunder, and that by reason of the fact that Congress, acting in pursuance of the power granted to it under the Constitution, has enacted legislation in regard to the manufacture, sale, transportation, importation, and exportation of intoxicating liquors, the subject is entirely removed from state jurisdiction.

The decision of this question is controlled by the opinion in the case of *Meriwether* v. *State,* No. 21431, 86 So. 411, this day decided by this court.

We do not think there is merit in any of the other assignments, and therefore this cause is affirmed.

*Affirmed.*