MARY LEE, *Plaintiff in Error,* v. THE STATE OF FLORIDA,
*Defendant in Error.*

Division A.

Opinion Filed August 12, 1926.

When a grand jury has been discharged, and the term of court
to which its members had been regularly drawn and sum-
moned, and empaneled, and served as a grand jury, has been
adjourned without day, no special order having been made
adjourning or recessing said court to any future day, such
grand jury cannot be again summoned to attend and function
at a special term of such court thereafter called by the Cir-
cuit Judge.

A Writ of Error to the Circuit Court for Calhoun Coun-
ty; Amos Lewis, Judge.

Judgment reversed.

*Carter & Solomon,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,*
Assistant, for the State.

BROWN, C. J.—The plaintiff in error, defendant in the
court below, was indicted, tried and convicted, at and
during a certain special term of the Circuit Court for Cal-
houn County, for murder in the first degree, and given a
life sentence.

The defendant interposed a plea in abatement showing the following facts: That after the grand jury had been discharged, and the fall term of Circuit Court for Calhoun County had on October 8, 1925, been adjourned, sine die, the Circuit Judge, on October 17, 1925, made an order calling a special term of said court to begin October 27, 1925, and directing therein ''that the same grand jurors as composed the grand jury at the last fall term of said Calhoun Circuit Court shall reconvene and serve as a grand jury at said special term,'' and ordered the clerk to issue the venire and the sheriff to summon them. This was done; the special term was convened on October 27, 1925; the members of the former grand jury thus summoned were re-sworn and re-charged, and that it was this grand jury that returned the indictment to which the defendant was called on to plead. That no order was made during said fall term of Circuit Court adjourning or recessing said court to any future day. That in the interim between said regular and special terms, a regular term had been held in another county in the Circuit.

To this plea the State demurred, which demurrer was sustained by the court.

The demurrer should have been overruled, as the plea in abatement was legally sufficient. Section 5955, Revised General Statutes of 1920, is not applicable here. That statute provides that when the grand jury has been discharged before the court has been adjourned without day, they may be summoned to attend again during the same term at such time as the court may direct. And we have held that by special order a term of Circuit Court may be adjourned or recessed over to a fixed date until after the sitting in another place or county, but that upon re-assembling on such date fixed in the order it will be but a continuation of the same original term, and a grand jury

that has been discharged may then be lawfully recalled and reassembled. Cannon v. State, 62 Fla. 20, 57 South. Rep. 240; Green v. State, 60 Fla. 22, 53 South. Rep. 610. But this plea shows that the original term to which this grand jury had been regularly drawn, summoned and convened had adjourned without day, and that this grand jury was again summoned to attend, not at the same term, but a special term thereafter called by the judge. This is not authorized by our statutes or decisions.

As the case must be reversed for the above reason, going to the validity of the indictment, we deem it unnecessary to discuss the other assignments of error.

For the error pointed out, the judgment of the court below must be reversed.

It is so ordered.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion.