GULLY, STATE TAX COLLECTOR, v. HOLADAY et al.

(Division A. Feb. 6, 1933.)

[145 So. 742. No. 30382.]

J. H. Sumrall, of Jackson, for appellant.

720

Watkins, Watkins & Eager, of Jackson, for appellee.

722

**Smith, C. J.**, delivered the opinion of the court.

This suit was begun by a former, and revived in the name of the present, state tax collector.

John D. Purvis was elected sheriff of Humphreys county for the four-year term beginning on the first Monday in January, 1924. In order to qualify therefor, he executed three official bonds, on each of which the Fidelity & Deposit Company of Maryland is surety, the penalties of which aggregate three hundred thousand dollars, the amount of the penalty required for his bond by the statute in force when it was executed. The annual premiums thereon were paid out of county funds on orders of the board of supervisors.

Section 4694, Code of 1906, Hem. 1917 Code, section 3111, under which the bond was executed, provides that: ''The sheriff of each county shall be tax-collector therein, and, at the time of giving bond as sheriff, shall give bond as tax-collector, with two or more sufficient sureties, to be approved as required by law, in a penalty equal to three-fifths of the taxes assessed in the county the preceding year, conditioned that he will in all things faithfully execute and perform all the duties of tax-collector of his county, to the best of his skill and ability, so long as he shall continue in office; and he shall also take and file the oath of office of tax-collector. In case of the failure of a sheriff to qualify as tax-collector, within the same time allowed for taking the oath of office and giving bond as sheriff, he shall thereby vacate the office of sheriff, and the vacancy shall be filled according to law.'',

In 1926, Chapter 192 of the Laws of that year amended the statute so as to read as follows: ''Be it enacted by the Legislature of the state of Mississippi, That section 3111 of Hemingway's Code of Mississippi, 1917, be and the same is hereby amended to read as follows: The sheriff of each county shall be tax collector therein, and at the time of giving bond as sheriff shall give bond as

tax collector, with sureties as required by law, in a penalty equal to twenty-five per cent of the taxes assessed in the county the preceding year, however, in no event to exceed (one hundred thousand dollars) conditioned that he will in all things faithfully execute and perform all the duties of tax collector of his county to the best of his skill and ability, so long as he shall continue in office; and he shall also take and file the oath of office of tax collector. In case of the failure of the sheriff to qualify as tax collector, within the same time allowed for taking the oath of office, and giving bond as sheriff, he shall thereby vacate the office of sheriff and the vacancy shall be filled according to law."

After the enactment of this statute, two premiums on this bond, calculated on the basis of the three hundred thousand dollar penalty thereof, were paid.

The state tax collector, proceeding on the theory that chapter 192, Laws of 1926, had reduced the penalty of the bond to one hundred thousand dollars, and therefore the premiums paid thereon after the enactment of the statute should have been calculated on the basis of the penalty being one hundred thousand dollars instead of three hundred thousand dollars, instituted this suit on the bonds of the members of the board of supervisors and of Purvis, to collect the difference between the premiums paid, and that which he, the state tax collector, says should have been paid.

A demurrer to the bill of complaint was sustained.

Under section 61 of the Constitution, which provides that: "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length," a statute amending a former statute supersedes the former, and the provisions thereof not brought forward in the amending statute need not thereafter be observed. Nations v. Lovejoy, 80 Miss. 401, 31 So. 811; Bell v. State, 118 Miss. 140, 79 So. 85. But rights acquired under the

original statute are not affected thereby, Power v. Calvert Mtg. Co., 112 Miss. 319, 73 So. 51; Bell v. Union & Planters' Bk. & Tr. Co., 158 Miss. 486, 130 So. 486, unless within constitutional limitations the amending statute expressly, or by necessary implication, so provided.

The statute here under consideration contains no language indicating that the Legislature intended for it to have a retroactive effect, nor that sheriffs and tax collectors, then in office, who had qualified under the original statute, should again qualify by thereafter doing the things required therefor by the amending statute. Nor does it contain any language indicating that tax collectors' bonds theretofore executed for amounts greater than one hundred thousand dollars should be thereby reduced to that amount.

It operates prospectively only, Bell v. Union & Planters' Bk. & Tr. Co., supra, and, after its enactment, the sureties on a tax collector's bond theretofore executed continued liable for defalcations of the tax collector to the full amount of the penalty of the bond as executed.

The court below committed no error in sustaining the demurrer.

Affirmed.