EARNEST *v.* STATE.

No. 41305          November 2, 1959          115 So. 2d 295

*H. C. Moynihan,* Laurel, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

George Earnest was convicted in the Circuit Court of Jones County of an attempt to commit an assault and

battery with intent to kill a police officer. From the judgment and sentence of five years in the state penitentiary, he appealed.

This Court, in Walters v. Earnest, 234 Miss. 315, 106 So. 2d 137, affirmed the decree of the chancery court in setting aside the judgment and sentence of the circuit court of the county and in committing the appellee therein to jail to await the action of that court on the pending indictment. The facts are fully stated in the opinion.

When the cause came on for hearing at the regular March 1959 term of the circuit court, Earnest made a motion to quash the indictment because (1) the grand jury had been finally discharged and, after its discharge, was recalled and directed to resume its duties; and (2) it did not, in its further deliberations, take up and consider other cases.

The evidence showed that the grand jury had been orally discharged, but no written order to that effect was placed on the minutes. After it was reconvened, according to the testimony of the county attorney, the trial judge merely instructed it "to continued its deliberations." Some other matters were probably discussed, but no other indictments were returned.

██ █ There is no merit whatever in the appellant's only contention made here, to-wit that the trial court committed error in refusing to quash the indictment. ██ █ The right of the trial judge to recall or reconvene the grand jury at any time before the adjournment of court has been settled beyond question by the decisions of this Court. Haynes v. State, 93 Miss. 670, 47 So. 522, 17 Ann. Cases 653; Bell v. States, 118 Miss. 140, 79 So. 85; Kyzar v. State, 125 Miss. 79, 415.

The cases of Price v. State, 152 Miss. 625, 120 So. 751, Sanders v. State, 198 Miss. 587, 22 So. 2d 500, and Wheeler v. State, (Miss.) 63 So. 2d 517, relied on by the appellant, are not in point on the question here under consideration, but are clearly distinguishable from the case at bar.

512

From which it follows that this cause must be, and it is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.