PATTERSON, Justice:
This is an appeal by Kenneth Poy Lee and Chow Joy Lee from an adverse decree of the Chancery Court of Leflore County. The decree was the result of a bill of complaint filed by them seeking a refund for additional taxes assessed by the Mississippi State Tax Commission.
The appellants reside in Greenwood and operate a grocery store under the trade name of Acme Food Mart. They filed monthly sales tax returns and paid taxes in 1964, 1965 and 1966 as required by Mississippi Code 1942 Annotated section 10118 (1952). A sales tax audit of the Lee’s records resulted in an additional sales tax assessment of $1,856.78 including damages being made on April 14, 1969.
The Lees do not argue that the assessment was incorrect, but that the statute of limitations had expired at the assessment date of all months of the years 1964, 1965 and the months of January and February 1966.
Mississippi Code 1942 Annotated section 10119 (1952), provides in part:
* * * [N]o suit or other proceedings for the collection of any taxes due shall be begun after the expiration of three (3) years from the date such return was filed. * * *
When this section was amended in 1955, the legislature did not include any prescriptive period.
The question before the Court is whether Section 10119 as amended contains a three-year statute of limitations by implication which will bar the assessment made against the Lees in this case.
The Lees acknowledge the holding of Bell v. State, 118 Miss. 140, 79 So. 85 (1918), that those portions of a statute not brought forward in an amendment are necessarily repealed by the omission, but argue that the prescriptive period should be brought forward by implication.
Crawford, Statutory Construction, section 304 at 619-620 (1940), states that:
When the legislature declares that an existing statute shall be amended “to read as follows”, the legislature thereby evinces an intention to make the new statute a substitute for the amended statute exclusively, and only those portions of the amended statute repeated in the new one are retained. * * *
This position was assumed by the Iowa Court in State v. Garland, 250 Iowa 428, 431, 94 N.W.2d 122, 124 (1959), when it held:
There can be no doubt, as the State concedes, it is the general rule where a statute rewrites a former statute and states it “is amended to read as follows” all provisions in the original law not found in the amending act are repealed.
When the Mississippi Legislature amended Section 10119 in Section 106, Extraordinary Session of 1955, it prefaced the amendment with the instruction that Section 10119 was “amended to read as follows.” The presence of this phrase indicates that the statute of limitation provision in the old *846 section was not to be inferred or implied to exist in the amended version nor can we impute the deletion to inadvertence on the part of the legislature. Seward v. Dogan, 198 Miss. 419, 21 So.2d 292 (1945). We are of the opinion that the decree of the lower court should be affirmed.
Affirmed.
RODGERS, P. J., and SMITH, ROBERTSON and SUGG, JT-, concur.