### Samuel C. Nations *v.* Mariah A. Lovejoy.

1. Yalobusha County. *Two districts of.* Laws 1873, p. 166.

Under the act of 1873 (Laws, p. 166), dividing Yalobusha county into two circuit and chancery court districts, the courts of each district are as separate from those of the other as are the courts of separate counties.

2. Same. *Justice district. Appeal to circuit court. Jurisdiction.*

Where the district of a justice of the peace of said county is partly in each of the two circuit court districts, an appeal by a plaintiff from the justice court must be to the circuit court of the district of defendants' residence, the circuit court of the other district being without jurisdiction of such appeal.

From the circuit court, second district, of Yalobusha county. Hon. W. A. Belk, Special Judge.

Mrs. Lovejoy, the appellee, was the plaintiff in the court below; the appellant, Nations, was defendant there. The facts upon which the decision is based are stated in the opinion of the court.

*Brewer & Wilson,* and *Frank Johnston,* for appellant.

The statute of 1873 (Laws 1873, page 166, sec. 4), dividing the county into two chancery and circuit court districts, makes the two districts, as far as the circuit and chancery courts are concerned, as separate and distinct as two counties. However, it does not affect the jurisdiction of a justice of the peace, nor in any way interfere with any of the proceedings of any

court in the county, except the circuit and chancery courts. If a party could be sued who lived in that part of beat two situated in the second district of the county, and appeal to the circuit court of the first district of the county, it would produce endless confusion, and such a course has never been the practice in any county that is divided into two judicial districts. Can it be said that a man who has been tried before a justice of the peace for an offense committed in the first judicial district of the county, can prosecute an appeal to the circuit court of the second district? Certainly not.

It might, perhaps, be contended that the proper course would have been to transfer the cause from the circuit court of the second district to the circuit court of the first district, but we did not think this the proper remedy, as the case was in the circuit court by appeal, and the appeal bond was to answer such judgment as may be rendered by the circuit court of the second district of Yalobusha county. We submit that the judgment should be reversed, and the appeal dismissed, as the circuit court was without jurisdiction.

*I. T. Blount,* for appellee.

Defendant lived in justice court district No. 2, which is partly in the first and partly in the second judicial district of Yalobusha county. Nothing in the act of the legislature creating the two circuit courts defines how appeals from justices of the peace shall be taken, but it says if a resident of said county be sued out of his district in an action not local, the venue shall, on his application, be changed. Laws of 1873, 166, 167. There was no application for a change of venue, nor is it shown that any harm was done defendant by the trial of the case before the same court in the second district that would have tried it had the record been sent to the first district. Though sued out of his county, if defendant submits to a trial before raising the question of jurisdiction, he will be bound by the judgment.

Courts are not "tournaments for knights errant to enter and show their skill, until they find defeat, then change their base, by a motion to dismiss," as was done in this case. If the motion could, in any sense, prevail, it should have been made before, and not after the trial.

Argued orally by *Earl Brewer,* for appellant.

WOODS, C. J., delivered the opinion of the court.

This suit was begun by appellee against the appellant before a justice of the peace in justice district two in Yalobusha county, and judgment rendered in favor of appellant, from which judgment appellee took her appeal to the circuit court of the second circuit and chancery court district of that county. From a judgment rendered against him in the said circuit court of said second judicial district of said county, appellant brings the present appeal to this court.

The appellant was properly sued before the justice of the peace in the second justice of the peace district, as he was a resident of said justice district. This justice's district was partly, in the first circuit court and partly in the. second circuit court district. The appellant lived in that part of the district of the justice of the peace which was in the first circuit court district, but the appeal from the judgment of the justice of the peace was taken by appellee to the second district circuit court. After the facts had been developed on trial in the circuit court of the second district, the appellant moved to dismiss the appeal because of the want of jurisdiction in that court to entertain it, and the motion was overruled, and this action of the court is assigned for error in this court.

The question thus presented is not one of venue, but one of jurisdiction, and one of appellate jurisdiction.

The circuit and chancery courts of the first and second judicial districts are as distinct from each other as the circuit

and chancery courts of separate and distinct counties. There is no appellate jurisdiction in the circuit court of one county from judgments of justices of the peace in another county. There is no such thing as appellate jurisdiction in a circuit court, unless conferred by statute, and there is no statute authorizing the circuit court of the first judicial district of Yalobusha county to take jurisdiction of appeals from judgments of a justice of the peace outside the limits of the first district. Every citizen is entitled to be sued in the district of the justice of the peace in which he resides (with a few exceptions specified in our statutes), and is entitled to be sued, also, in the courts of the county of his residence. Of course, one may consent to the transfer of a cause by change of venue from one court having original jurisdiction of the subject-matter of the litigation, in one county, to another court, likewise having original jurisdiction of the subject-matter, in another county, and thereby confer jurisdiction of the person upon the latter court. But that is not the case made here. This was an appellate tribunal having and determining an appeal in a cause over which the court clearly had no jurisdiction.

The motion to dismiss the appeal should have been sustained.

*Reversed.*