## SAMUEL C. NATIONS *v.* MARIAH A. LOVEJOY.

1. JUSTICES OF THE PEACE. *Appeals to circuit court. Appeal bonds. Code 1892, § 91. Amendments. Wrong circuit court district.*

    Where a bond for appeal from a justice's court to the circuit court of a county having two judicial districts recites an appeal to the circuit court of the wrong district, the same may be amended, under code 1892, § 91, authorizing the amendment of such appeal bonds, by leave of the circuit court of the proper district.

2. STATUTORY PENALTY. *Double Damages. Repeals. Amendment.*

    Upon amendment of a statute authorizing the recovery of double damages so as to limit recovery to specified actual damages, the plaintiff in a pending suit for double damages can recover only the damages authorized by the amendment.

3. SAME.  *Code* 1892, § 1068.  *Laws* 1900, *p.* 140.  *Enticing servants or*
    *tenants.*

   The plaintiff in a suit brought under code 1892, § 1068, for enticing
   away his laborers or tenants, cannot recover the double damages
   demanded when, pending suit, his recovery has been by statute
   (Laws 1900, p. 140) limited to all advances made to the laborer or
   tenant, and such damages as he has sustained from the wrongful
   enticement.

4. SAME.  *Constitutional law.*  *Constitution* 1890, *sec.* 61.

   Under the constitution 1890, sec. 61, requiring the section of the law
   amended to be inserted at length in the amendment, chapter 102,
   laws 1900 (Laws, p. 40), repealed the double damages feature of
   code 1892, § 1068, since that feature is omitted from the statute as
   re-enacted.

FROM the circuit court, first district, Yalobusha county.

HON. PERRIN H. LOWREY, Judge.

Mrs. Lovejoy, appellee, was plaintiff, and Nations, appel-
lant, defendant in the court below.  The plaintiff recovered
a judgment for $75 and costs, from which the defendant ap-
pealed to the supreme court.  The facts are stated in the opin-
ion of the court.  For a previous report of the case see *Nations*
v. *Lovejoy,* 77 Miss., 36.

*Frank Johnston* and *Earl Brewer,* for appellant.

This case was taken by appeal originally to the circuit court
of the second judicial district of Yalobusha county.  The con-
dition of the appeal bond was that the appellant should prose-
cute the appeal with effect, or pay and satisfy any judgment
that should be rendered by the circuit court for the second
judicial district of Yalobusha county.  On the former ap-
peal to the supreme court it was held that the circuit
court for the second judicial district had no jurisdic-
tion of the appeal, upon the ground that the defendant resided
in the first judicial district of the county, and the case was
remanded with directions to the circuit court to dismiss the
appeal.  The case was accordingly dismissed by the circuit

court for the second district of the county at the December
term, 1899.   The plaintiff then withdrew the papers from the
circuit court for the second judicial district and placed them
in the circuit court for the first judicial district, though they
do not appear to have been marked filed by the clerk of that
court.   The circuit court for the first district had no jurisdic-
tion of the case.   It could not have acquired the jurisdiction by
the transfer, or removal of the case from the circuit court for
the second district.   That court did not attempt to transfer the
case, and if it had done so there is no statute to authorize such
a proceeding.   When that court dismissed the cases its author-
ity was ended *ipso facto*.   It had no jurisdiction, and the only
order that it could make was one dismissing the cases with
costs.

The bond in no possible view of the case could sustain an
appeal to the circuit court for the first judicial district.   The
condition of the bond was to satisfy the judgment of the circuit
court for the second judicial district of the county, and that
court has rendered judgment dismissing the case.   It is pre-
cisely the same as if the appeal had been taken to the circuit
court of another county.   This court said in its opinion, on the
former appeal, that the jurisdiction of the circuit courts in the
two districts of the county is just as distinct as if the districts
were two counties.   The appeal bond executed at the Novem-
ber term, 1900, of the circuit court for the first judicial dis-
trict was a new bond in every respect, and was given long after
the period allowed for appeals had expired.   The cases stood
in that court as if no appeal bond had been given; and the
court could not possibly get jurisdiction by allowing an appeal
bond to be executed at that time.   In this class of appeals the
bonds are to be given in the justice court and are to be ap-
proved by the justice of the peace, and there can be no appeal
without a bond.   This court has expressly held that the time
prescribed for the appeal is a limitation on the jurisdiction of

the circuit court in appeals from courts of justices of the peace.  *Kramer* v. *Holster,* 55 Miss., 243.

The plaintiff was not entitled to double damages.  Sec. 1068 of the code of 1892, which allowed the recovery of double damages, was repealed by the act of March 12, 1900.  Laws 1900, 140.

*I. T. Blount,* for appellee.

Plaintiff in the justice court was entitled to an appeal.  This is a constitutional right.  Sec. 171, Constitution 1890.  Code 1892, § 82.  The appeal was prayed and bond given within the statutory period.  No injustice was done defendants.  It will be depriving plaintiff of a substantial, constitutional right to hold that upon this mere technicality she shall be denied a hearing, or, rather, robbed of a twice-earned victory before a jury.  There is nothing in the contention that the original appeal bond was condition to abide "the judgment of the second circuit court district of Yalobusha county."  This is mere verbiage.  Would it have been contended that appeal would have been lost on this bond by appellants if by mistake the justice of the peace had sent these papers to the circuit court of Lafayette county?  Plaintiff did all she could do to file her appeal bond within the prescribed time.  From that time on she had no control of the record, until a court of competent jurisdiction had decided the question and directed to which court the appeal should be taken.  This court will observe that for more than thirty years these courts, first and second districts of Yalobusha county, have been created and this is the first time the question has been presented.  I insist, too, that this court note that there was no transfer of this case from the second circuit court district to the first circuit court district.  This is a direct appeal of the case from the judgment of the justice of the peace to the circuit court, taken in due time, and delayed, not by the fault of the plaintiff, but by the

mistaken views of the magistrate who sent up the appeal and the circuit judge who held jurisdiction of the case.

The act of 1900 (Laws, p. 140) does not repeal code of 1892, § 1068. *Anding* v. *Levy,* 57 Miss., 57.

Terral, J., delivered the opinion of the court.

Mrs. Lovejoy sued Nations before Fudge, a justice of the peace of district No. 2 of Yalobusha county, for breach of duty to her, under § 1068, code 1892, in the sum of $100. Justice district No. 2 was composed of territory belonging partly to the first and partly to the second circuit court district of said · county, and Nations resided in that part of justice district No. 2, which lay in the first circuit court district. The justice gave judgment against Mrs. Lovejoy, and she appealed her case to the circuit court. The appeal bond recited that Mrs. Lovejoy should appear and prosecute her suit in the second judicial district instead of the first; and she appeared in the circuit court at the courthouse in the second judicial circuit court district, and there obtained a judgment, which was reversed on appeal here, because the appeal should have been to the circuit court of the first judicial circuit court district of said county. 77 Miss., 36 (25 South., 494). Thereafter Mrs. Lovejoy filed her appeal papers in the circuit court of the first circuit court district of the county, amended her bond to that effect, and there had judgment against Nations for $75. At the last trial, § 1068, code 1892, had been superseded by chap. 102, acts 1900. Nations excepted to the action of the court in permitting an amendment of the bond so as to make the appeal be to the first, instead of the second, judicial district of the county; and this is one of the errors assigned. Another assignment of error is the giving of several instructions, at the instance of the plaintiff below, authorizing the jury to find double damages.

1. We think the amendment of the appeal bond was properly allowed. Sec. 91 of the code of 1892 expressly provides that defective appeal bonds may be amended, or that a new appeal

bond may be given, as the case may require. The appeal bond was considered good by the justice, who approved it, and by the circuit court of the second judicial district, which gave judgment upon it, but it was adjudged defective on appeal here. Now, Mrs. Lovejoy applied in due time for her appeal, and gave the bond required by the justice for that purpose; and the mistake made, whether that of the justice of the peace or of Mrs. Lovejoy, it would seem, the statute fully covers. The amendment accomplished only justice, and it comes within the letter and spirit of the statute.

2. The instructions for double damages are erroneous. The double damages authorized by § 1068, code 1892, are repealed by chap. 102, acts 1900. Sec. 61 of the constitution provides that the section of the law amended shall be inserted at length in the amendment, and chap. 102, acts 1900, obviously leaves out the double damages authorized by § 1068 of the code of 1892, repealed by it. The amount recovered might pass for single damages, except for the instructions directing the jury to find double damages.

If one-half the damages be remitted, the case will be affirmed, at appellee's costs; if not, the judgment will be reversed and the case remanded.