WOODS *v.* SPEER *et al.*

[90 South. 322.  No. 22260.]

1. JUSTICES OF THE PEACE. *Appeal must be to circuit court of district of defendant's residence, where justice's district partly in two districts.*

Where the district of a justice of the peace of a county is partly in each of two circuit court districts, an appeal from a judgment of the justice of the peace court must be prosecuted to the circuit court of the district of defendant's residence; the circuit court of the other district being without jurisdiction of such an appeal.

2. JUSTICES OF THE PEACE. *Justice may hold court anywhere in his supervisor's district.*

A justice of the peace has jurisdiction of all residents of his supervisor's district, and his court may be held anywhere within his district.

3. JUSTICES OF THE PEACE. *Appeal erroneously dismissed, where proper papers filed in wrong circuit court district.*

Where the appeal bond correctly recites an appeal to the proper circuit court district, but the appeal papers are wrongly filed in the other court district, it is error for the circuit court to dismiss the cause.

4. APPEAL AND ERROR. *Supreme court will reverse and remand, where circuit court has erroneously dismissed appeal for want of jurisdiction.*

On an appeal to this court a judgment of the circuit court, erroneously dismissing the cause, will be reversed, and the cause remanded to the proper circuit court district, when the appeal bond from the judgment of the justice of the peace court correctly recites the proper circuit court.

127 Miss.—38.

APPEAL from circuit court of Panola county.

HON JNO. W. KYLE, Judge.

Suit by W. W. Woods against Richard Speer and others before a justice of the peace. Judgment against defendants was dismissed for want of jurisdiction, and from the judgment of dismissal plaintiff appeals. Reversed and remanded.

*Lomax B. Lamb,* for appellant.

The justice of the peace, before whom this suit was tried, had jurisdiction of the parties and of the subject-matter. Under the Constitution of Mississippi each county is divided into five districts, and provisions, is made for the election of justices of the peace for each district. The jurisdiction of a justice of the peace extends over the entire supervisors district, section 170 and 171, Constitution of Mississippi.

The legislature did not undertake to deal with the jurisdiction and powers of the justices of the peace of Panola county when that county was divided into circuit court districts. The act dividing the county was for the purpose only of providing for two circuit courts and two chancery courts in said county, the jurisdiction of the justices of the peace is unaffected by the division of the county into two circuit court districts. In fact the legislature would not have had the power, under the Constitution, to have interfered with the jurisdiction of a justice of the peace. It cannot be denied that a justice of the peace in Mississippi has jurisdiction of a suit against a person living in the same supervisors district. That is Constitutional. No mere act of the legislature could interfere with that power. The division of a county into two circuit court districts could have no sort of effect on the jurisdiction of a justice of the peace.

It is agreed that the defendants in the court below were householders and freeholders of supervisor's district No. 5 of Panola county; that the justice of the peace, in whose

court they were sued, was a duly qualified and acting jus-
tice of the peace of said supervisor's district, and that,
unless the division of the county into two circuit court
districts, changes the jurisdiction of a justice of the peace,
the said A. E. Patton had jurisdiction of the parties. If
he had jurisdiction of the parties, and of the subject-mat-
ter, the circuit court should not have dismissed the cause.

The only question presented to the circuit court by an
appeal from the judgment of the justice of the peace, or
whether it would take it to the first court district of said
county in which circuit court district the defendants be-
low resided. This question was considered by this court
in the case of: *Nations* v. *Lovejoy,* 77 Miss. 36; *Nations* v.
*Lovejoy,* 80 Miss. 401.

It is somewhat difficult to tell just what was decided
by this court when the Nations case was first before it.
The court seems to hold that as the case was tried before a
justice of the peace, sitting in the second district of Yalo-
busha county, that the appeal must be taken to the second
circuit court district of said county as the court says on
page 39 that: "There is no provision authorizing the cir-
cuit court of the first judicial district of Yalobusha county
to take jurisdiction of appeals on judgments of a justice
of the peace outside the limits of the first district." But,
the case seems to have been tried in the second circuit
court district and an appeal ta.    to the second circuit
court district of Yalobusha county.      appellant in the
Nations case lived in the first circuit cou..t district of Yalo-
busha county. This court reversed the judgment of the
circuit court for failing to dismiss the appeal and the case
was sent back to be further proceeded with. When the
case got back to Yalobusha county the appeal bond was
filed in the first circuit court district of said county, the
case tried on its merits and judgment rendered, from which
judgment an appeal was taken to this court, the action
of the court below in entertaining an appeal was affirmed.

This court did state positively in the case reported in
the 77 Mississippi reports, that appellant was properly

sued before the justice of the peace in the second justice of the peace district, as he was a resident of said justice district. Now, in the case at bar, if the appeal was taken to the wrong court, the court below should have entered an order transferring it to the proper court. The case should not have been dismissed because the defendants were properly and lawfully sued before a justice of the peace having jurisdiction. The sole question on the motion to dismiss was whether to entertain the appeal in the second circuit court district of Panola county or whether to transfer it to the first circuit court district of Panola county.

I respectfully submit that there is no ground upon which the action of the court in dismissing the cause can be sustained, and ask that the case be reversed and remanded to be tried in the proper circuit court district of Panola county.

*Fred H. Montgomery* and *James McClure,* for appellees.

We desire to call the court's attention at the outset to errors of law and facts stated in the brief of counsel for appellant.

First: Counsel contends in his brief that territorial jurisdiction of a justice of the peace is guaranteed unto him by sections 170 and 171 of the Constitution of Mississippi. We fail to find any such provisions in these sections, but on the contrary find that the jurisdiction of territory, over which a justice of the peace has authority, is provided for by section 2724 of the Code of 1906.

Second: Counsel in stating the facts and law in the case of *Nations* v. *Lovejoy* reported in 77 Miss. 36, is in error when he says that: "The court seems to hold that as the case was tried before a justice of the peace, sitting in the second district of Yalobusha county," etc. The facts in this case are dealt with later on in this brief, but the error under review is corrected by saying: "That the case was tried before a justice of the peace sitting in the first

court district of Yalobusha county," etc.  This correction is inserted by appellees.

In face of the decisions of the supreme court of Mississippi rendered in the case of *Nations* v. *Lovejoy,* twice before this court, reported in 77 Miss. 36, in 80 Miss. 401, the learned trial judge could render but one decision on appellee's motion to dismiss and that was the order entered to dismiss.

If these two cases referred to above are carefully read, and we say this advisedly, for the syllabus written especially in the first case is somewhat misleading, the .court will find as follows:  First:  Mrs. Lovejoy sued Nations in a justice of peace court in supervisor's beat number 2, which supervisor's beat lies partly in the first and partly in the second judicial district of Yalobusha county.  Second: The defendant, Nations, lived in that part of beat two which lies in the first court district, and Third:  The defendant was sued in the justice court held in beat two, which lies in the first judicial district, the supervisor's district and court district were the districts of the defendant's residence.  Fourth:  A judgment was entered against Nations, and he appealed to the circuit court, not of the district where the justice court was held, but to the circuit court of the second judicial district of Yalobusha county.  Fifth:  Nations, after appealing his case from the first court district, as it were, across county lines, realized his plight and he made a motion in the circuit court of the second district of Yalobusha county to dismiss same, but this motion was denied him, and he prosecuted his appeal to the supreme court, 79 Miss. 36 and assigned as error the action of the lower court in failing to dismiss the case on his motion.  Sixth:  The supreme court held: "That it was not a case of venue but one of jurisdiction, and appellate jurisdiction; that the circuit and chancery courts of the first and second judicial district are as distinct from each other as the circuit and chancery courts of different counties; that there is no appellate jurisdiction in the circuit court of one county from

judgments of justice of peace in another county; there is no such thing as appellate jurisdiction in a circuit court unless conferred by statute, and there is no statute authorizing the circuit court of the first district of Yalobusha county to take jurisdictions of appeals outside of the limits of the said first court district." Case reversed.

The court decided in the case *supra,* this one thing, that an appeal from a justice of peace court did not lie across county lines, that an appeal from a justice of peace court, where there are two court districts in a county, must be taken to the court district in which the justice of peace court was held.

Counsel for appellant must agree that the above facts are true in the case of *Nations* v. *Lovejoy,* 77 Miss. 36, for the opinion of the court expressly recites that the appeal was taken to the second judicial district of Yalobusha county; so why would the case have been reversed, why should the court have made its holding on where the rights of an appeal would lay in that case, unless the defendant Nations was sued in that part of beat two of Yalobusha county, that lies in the first court district of said county, which beat and court district was the residence of the defendant.

Again to support us in our contentions on the law and facts in the case of *Nations* v. *Lovejoy* in 77 Miss. 36, we find this case reported in 80 Miss. 401, and we find that it is returned to the supreme court because the party defendant, Nations, amended his appeal bond from the second judicial district to the first court district, the district in which the case was tried by the justice of the peace, in accordance with the holding of the supreme court in 77 Miss. 36, and the question in the later case was confined to the right of the party to amend his appeal bond and a question of damages. With the precedent of the *Nations* v. *Lovejoy, supra,* before the lower court, what was he to do?

Counsel in his brief for appellant urge and says that the court held in the case *supra,* that the defendant, Nations, was properly sued in district two, as he was a

resident of this district. We accept this argument as authority for the court to uphold our contentions, for the defendant, in this case *supra*, was not only sued in the justice of peace court in the beat in which he lived, but in that part of the beat which lies in the court district in which he lived, hence, the pronouncement by the supreme court that he was properly sued, 77 Miss. 36.

What of the case before us, now, in light of the facts and the holding of the *Nations case, supra?* Here the appellees, the defendants in the lower court, were pulled out of their beat in the first judicial district of Panola county and sued before a justice of the peace, holding his court in the second judicial district of said county. If they happen to lose the case, where must the defendants take their appeal? The *Nations case, supra,* settles this. Take the appeal to the court district in which the justice court was held, that is, to the second judicial district of Panola county; therefore, as a result, we force householders or freeholders of the first judicial district to be deprived of the protection of the general statute law written in section 2724 of the Code of 1906, of being sued in the county of his residence.

And this notwithstanding the facts that there is an acting qualified justice of the peace in beat in the first court district of said county, who could try the case against appellees and notwithstanding the fact that the debt, which is the basis of this litigation, was contracted in that part of beat five, which lies in the first court district.

Now we ask the court's attention to the Laws of 1880, page 145, that divides this county into two court districts. The court will observe the heading of this law in this language: "An act to divide the county of Panola into two circuit and chancery court districts and for other purposes. Section 3 of this act provides where suits shall be brought. It reads that suits shall be commenced in each of said districts against defendants, as if each district was a county, and the jurisdiction of said courts of said district shall be the same if each district was a separate

county.  Now how shall the court construe this section?
We might announce two cardinal principles: First, so that
said law will be deemed constitutional, and second, since
this is a special law, that it shall not be construed in any
manner so as to hold inoperative any general statute law.
With the facts before us, what does the legislature mean
by section three of this act, in light of the above rules of
construction?  We contend that the legislature by the
word, suits all suits whether they be of circuit, chancery
court or justice of the peace court jurisdiction.  With this
idea written into this section, the legislature meant that
suits in a justice of the peace court in beat five of the first
court district were to be instituted against the citizens
living in this court district just the same as if the area
embraced in this court district was a separate county, and
this part of beat five which lies in the first court district
was a whole beat so far as where suits in a justice of the
peace court can be brought.  This intention is easily read
into this section, especially when we recall the title to this
special law, and this title not only provides for the di-
vision for chancery and circuit court purposes, but it ends
in these words: "And for other purposes;" surely it em-
braces justice of the peace courts.  We find again in this
law, evidences of this intention.  The legislature made a
special paragraph providing for the board of supervisors,
etc., showing that they were content that they had taken
care of such a contingency as is presented by this law
suit, by section three of the act.  We do not hesitate to
say that if the legislature in section three of the Act of
1880, at page 145, meant only chancery and circuit suits,
that they would have written these two courts before the
word "suits." By not doing so, they intended to provide a
scheme for all suits when they used the word "suits" and
they meant that a defendant must be sued in that part of
beat five, which lies in the first court district, just in the
same manner as if beat five was in another county.  Now, if
the court will not agree with the trial court in this construc-
tion of the law, we contend that this law is unconstitu-

tional for the reasons hereinabove set out. The court will construe this statute so as not to render it unconstitutional, if that construction be possible. We contend that it is, the court will not construe this special law so as to defeat the general statute laws as written in section 2724 of the Code of 1906. There is ample provisions made in this Law of 1880, at page 145, to sustain the court in affirming this case.

We challenge counsel's argument for appellant on the following matters: First. Counsel argues in his brief that the legislature could not, by statute law, change or interfere with the territorial jurisdiction of a justice of the peace, and he cites sections 170 and 171 of the Mississippi Constitution, to support his contention. A careful reading of these two constitutional sections convinces us that there is nothing in the Constitution forbidding the legislature to deal with the territorial jurisdiction of a justice of the peace in his county. This jurisdiction is fixed by section 2724 of the Code of 1906, which begins: "That the jurisdiction of every justice of the peace shall be co-extensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he reside . . . we do not doubt but the statute here means that the appellees must be sued in that part of the district in which they reside. Especially in view of the Laws of 1880, making these court districts as separate and distinct as though they were two separate counties. There is no merit in any of counsel's contention that the legislature is powerless to fix the territorial jurisdiction of a justice of the peace in his county. Our construction on the special law dividing this county, as hereinabove given, shows that this was done.

Second: But for the sake of argument grant that the legislature is powerless to do so. We then contend that the justice of the peace jurisdiction over this beat five is

like unto that of the circuit judge's jurisdiction over his judicial district. No one doubts that the circuit judge of the seventeenth judicial district of Mississippi can try cases in Panola county as well as in Tate county. But the circuit judge of this district is without power to say or compel a citizen of Panola county to submit to being sued in Tate county, over his application for a transfer of the cause to the county of his residence. And so with the justice of the peace who held his court in the second judicial district of this county, he did not possess the right to compel citizens of the first court district to come into the second court district and submit to suit there over their protest. If he desires to hold sway of the citizenship in the first court district of this county, then like the circuit judge of the district, he must go there and hold his court. And on this contention, we are willing to grant that, for the sake of argument, the justice of the peace had jurisdiction to try and hear cases in beat five, but he must hold his court where he had jurisdiction of the parties, and the subject-matter.

Third: Counsel argues in his brief that the case should not have been dismissed by the trial judge, but should have been transferred to the proper court; the trial court made the only order that legally could have been made in this case in face of the decision of the *Nations case, supra,* 77 Miss. 36, and that was to dismiss. The *Nations case, supra,* decided this one question if no other, and this court could not transfer this cause to any court unless the *Nations case, supra,* was reversed.

We ask the court's indulgence in the length of this brief upon the question involved, but we feel that the decision of this court is of great importance because of the constant presentation of the same question of law as herein presented to the court, and with this idea in view, it has been our purpose to illuminate and not becloud the issue before the court.

We earnestly insist that the case be affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellant, Woods, brought suit against the appellees in the justice of the peace court of Patton in district No. 5, Panola county, Miss. This county was divided into two circuit and chancery court districts by an act of the legislature. Laws of 1880, p. 145. Supervisor's district No. 5 lies partly within each of the circuit court districts. In fact the two county sites of these two circuit court districts are also within supervisor's district No. 5; Sardis being the county site for circuit court district No. 1 and Batesville for circuit court district No. 2. The justice of the peace tried this case in Batesville, which is in the second circuit court district. He awarded judgment against the defendants (appellees). These appellees all resided in supervisor's district No. 5, but resided in that part of the district which is in the first circuit court district, which court is held at Sardis. After the rendition of this judgment by the justice of the peace the defendants (appellees) filed an appeal bond, which was approved by the justice of the peace. This appeal bond, as shown by the record, properly perfected the appeal to "the circuit court of the first court district of said county." In some way, however, the papers from the justice of the peace court reached the circuit court of the second circuit court district. The attorneys in the case for both sides have overlooked the fact that the appeal bond was properly made out for the first circuit court district.

When the case was called, upon motion of the appellees, defendants below, the suit was dismissed upon the alleged ground that the court in the second judicial district did not have jurisdiction of the cause, from which judgment of dismissal this appeal is here prosecuted.

We briefly recapitulate the facts. Supervisor's district No. 5 of Panola county lies partly in the first and partly in the second circuit court districts of that county. The defendants resided in that part of supervisor's district No. 5 which is in the first circuit court district of the county. Patton, justice of the peace, was elected for this

entire supervisor's district. The justice of the peace court in which this case was tried was held at Batesville, which is in the second circuit court district, but in the supervisor's district (No. 5) of the justice of the peace. The appeal bond of the defendant provided for an appeal to the first circuit court district. The record, however, was sent to the second circuit court district, and the suit there dismissed.

It is the contention of the appellees that, since they were residents and householders of that part of district No. 5 which lies within the first circuit court district of the county, they cannot be sued beyond the jurisdiction of the circuit court.

The contentions of appellees in this case have been adversely decided by this court in the two reports of the case of _Nations_ v. _Lovejoy_, 77 Miss. 36, 25 So. 494, and 80 Miss. 401, 31 So. 811. The Nations Case was appealed from the circuit court of Yalobusha county. That county, Laws of 1873, p. 166, chapter 10, was divided into two circuit court districts. Supervisor's district No. 2 of Yalobusha county, as supervisor's district No. 5 of Panola county, lay in both circuit court districts. Coffeeville is the county site of the first district of Yalobusha county and Water Valley of the second circuit court district. The appeal from the judgment of the justice of the peace in the Nations case was taken to the circuit court of the second district, namely, to the Water Valley circuit court. The appellant, however, lived in that part of the supervisor's district which was in the first circuit court district, which court was held at Coffeeville. The opinion of the court in 77 Miss. does not show where the court of the justice of the peace who rendered this judgment was held. We have, however, before us the original record filed in this court, and we note therein that the justice of the peace held this court in the town of Water Valley. Thus it will be seen that the facts, so far as a decision of this case is concerned, are identical upon the question of the jurisdiction of the justice of the peace in the first instance; that

is, to try the case in a court held by him in that part of the circuit court district where the defendant did not reside. In the first appeal of the Nations case the court held that the circuit court of the Second district did not have jurisdiction of the appeal, but that the appeal should have been prosecuted to the circuit court of the first judicial district of the county. The circuit court had decided otherwise, and the cause was reversed and remanded. Upon the remand of this case Mrs. Lovejoy filed her appeal papers in the circuit court of the first judicial district of the county, amended her bond to that effect, and recovered judgment. Upon appeal this judgment was affirmed.

The necessary effect of the holding in these two cases is that in this case the justice of the peace had jurisdiction of the parties and of the subject-matter, and could hold his court anywhere within the supervisor's district for which he was elected; that an appeal from his judgment should be prosecuted to the circuit court of the district in which the defendant was a resident and a householder.

Under these decisions it was error for the circuit judge to dismiss the case. All that he could have done was to dismiss the appeal of the defendants (appellees), who appealed the case to his court. This would, of course, have left the judgment of the justice of the peace in full force and effect. In this case, however, the appeal bond was properly made out for the first circuit court district, and it was an error to have sent this case to the second circuit court district. This being true, the judgment of the circuit court in dismissing the cause is reversed, and the cause is remanded to the first circuit court district of Panola county.

*Reversed and remanded.*